HUMBIRD *et al.*, *Appellants*, v. UNION STREET RAILWAY COMPANY.

Division One, May 23, 1892.

Negligence: INSTRUCTIONS: REVERSIBLE ERROR. A plaintiff in an action for injury resulting from another's negligence is entitled to have his charges of negligence affirmatively presented to the jury, and the failure of the court to so instruct, when requested, will constitute reversible error, and this is true, although instructions given for defendant indirectly presented the same issues.

*Appeal from Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

REVERSED AND REMANDED.

*Strong & Mosman* and *W. L. & S. P. Reynolds* for appellants.

(1) The petition charged that the defendant's servant was guilty of negligence in two particulars: *First*, in failing to keep a sharp lookout in the direction in which he was driving. *Second*, in driving the horses attached to said car at a high and unreasonable rate of speed. Plaintiff was entitled to go to the jury on both these items of negligence, and it was error for the court to refuse to give to the jury the plaintiff's seventh instruction. (2) The giving of defendant's first instruction was certainly error. The defendant's liability was not limited to want of care after it discovered the perilous position of the boy. It was "the duty of defendant's servants to be on the lookout, and to take all reasonable measures to avoid injuries to persons who may be upon the street." *Winters v. Cable Co.*, 99 Mo. 517; *Dunkman v. Railroad*, 95 Mo. 246; *Hilz v. Railroad*, 101 Mo. 54, 55. (3) Defendant's sixth instruction was erroneous in that it does not properly declare the law of contributory negligence. 1 Shearman & Redfield on Negligence [4 Ed.], sec. 73, and cases cited.

*Kelley & Kelley* for respondent.

(1) The court committed no error in refusing the plaintiffs' seventh, eighth and ninth instructions. All the negligence charged in the petition, and which the evidence tended to prove, was fairly and fully submitted to the jury by the instructions given. (2) The court did not err in giving defendant's first instruction. Said instruction properly stated the law. *Donahoe v. Railroad*, 83 Mo. 543; *Frick v. Railroad*, 75 Mo. 542; *Welsh's Case*, 81 Mo. 466; *Farris v. Railroad*, 80 Mo. 325; *Kennedy v. Railroad*, 43 Mo. App. 1. (3) There

was no error in giving defendant's sixth instruction as to contributory negligence. It properly declared the law of the case. *Neilson v. Railroad*, 85 Mo. 599; *Roland v. Railroad*, 36 Mo. 484; 65 Mo. 592; *O'Flaherty v. Railroad*, 45 Mo. 70; *Duffy v. Railroad*, 19 Mo. App. 380; *Williams v. Railroad*, 96 Mo. 275; *McCarthy v. Railroad*, 92 Mo. 536; *Ostertag v. Railroad*, 64 Mo. 424.

BRACE, J.—This is an action by the parents for damages for the death of their minor son Lewis, aged eight years, killed by the defendant's cars in which there was a verdict for the defendant, and the plaintiffs appeal.

The cause of action is thus stated in the petition: "Plaintiffs further state that on the —— day of November, 1888, while Lewis Humbird was running and attempting to run across the defendant's sidetrack or turn-out at or near the intersection of Sixth and Scott streets in said city of St. Joseph, one of the defendant's servants then and there in charge of a street car with horses thereto attached was running and operating the said street car by means of said horses, by and under the control of said defendant, and that said servant did negligently, recklessly and wholly in disregard of the duty the said servant owed the said Lewis Humbird, and while he, the said servant, was looking in another and different direction from the direction in which he was driving, drive the said team of horses attached to said street car at a high and unreasonable rate of speed on said sidetrack or turn-out aforesaid and did run over and kill the said Lewis Humbird instantly," and that the death of said Lewis was caused solely by such negligence and recklessness.

The answer was a general denial and a plea of contributory negligence. The evidence is not preserved in the bill of exceptions which only contains the

following statement in regard thereto: "The plaintiffs, to sustain the issues, introduced evidence tending to prove each of the allegations set out in their petition and tending to prove the following facts, that plaintiff's son was knocked down, run over and killed by the defendant's street car; that at the time said son was so knocked down one of the defendant's cars was standing on a sidetrack headed north, and that a number of children, boys and girls from nine to fifteen years of age, were playing in the street running from and to opposite sides of the street, crossing the street at the rear end of the car so standing on the sidetrack; that the horses and car that struck the boy were going southward at a rapid rate of speed; some of the witnesses testified that the horses were galloping, others that they were going in a fast trot; that the boy attempted to cross the street at the rear of the standing car, the street-car tracks being about three and one-half feet apart, and the horses and car going southward struck the boy and knocked him down, or he stumped his toe against the rail and fell down in front of the horses and was killed.

It further tended to prove that the driver whose duty it was to drive, control and manage the movement of said car, at and immediately prior to the accident and injury to the boy, was looking at or toward the driver and car standing on the sidetrack from behind which the boy suddenly emerged and ran in front of the horses moving southward, and that he was not looking directly ahead or forward at the time.

The defendant to sustain the issues on its part introduced evidence tending to contradict and disprove the allegations of negligence charged in the petition."

The only errors assigned are upon the instructions. The court gave for plaintiff the following instructions:

"2. The court instructs the jury that it was the duty

of the defendant's servant who was managing and driving said car along the public street to keep a sharp lookout ahead of his team, and be on the alert, watchful and attentive, in order to avoid doing injury to the public who might then and there be using and enjoying said street or passing along, upon, or crossing over the same.

"3. Even though the jury believe from the evidence that the rate of speed at which the car was moving at the time of the accident was not excessive, yet if the jury further find from the evidence that plaintiffs are the father and mother of Lewis Humbird, that the driver of said car was not watching out ahead to see whether the way was clear in the direction in which he was driving and failed to exercise due and proper care, and you find that, in consequence of his want of due and proper care in keeping a careful watchout in front, he failed to become aware of the presence of plaintiff's son in time to avoid striking and injuring him, your verdict must be for the plaintiffs."

These were the only instructions given for plaintiffs on the cause of action.

The plaintiffs asked three other instructions on the same branch of the case, all as predicating a right of recovery on the cause of action set out in the petition, which the court refused.

These three instructions are, in substance, the same, and only one of them need be set out, which is as follows: "8. Any person driving a team upon a public street is bound to anticipate the presence of other vehicles and pedestrians in such street. The law requires that a person so driving should be watchful to see that the way is clear in the direction he is driving, and that he should regulate the speed at which he is driving, and, if, under all the evidence in this case, you find that the driver of said car was driving the same at

a rate of speed at which it could not be readily and quickly stopped, should occasion require, that such rate of speed was careless and dangerous, considering the number of persons and vehicles on said street, and you find that the injury to plaintiffs' son was caused by such negligence, and that plaintiffs are the father and mother of Lewis Humbird, your verdict must be for the plaintiffs.''

Under the allegations of the petition, in the absence of contributory negligence, the plaintiffs were entitled to recover if the death of their son was the direct result of the negligence of the driver in not looking in the direction in which he was driving in order to avoid injuring him or others who might lawfully be upon the track in the street; or if his death was the direct result of the driver's recklessness in driving his horses at an unreasonable rate of speed. The instructions *given* for plaintiffs predicated a right of recovery solely upon the first ground; the one *refused* was a necessary complement to those given in order to present the whole of plaintiffs' case to the jury. It is couched in unobjectionable language, declares a correct legal proposition applicable to the case and a right of recovery by the plaintiffs upon a hypothetical state of facts warranted by the evidence, and which if found entitled the plaintiffs to a verdict, and it was error to refuse it. This error is not cured by the fact that in the instruction for the defendant the jury were told, in a general way correctly, that the acts of negligence charged in the petition were that the driver was looking in another and a different direction from that in which he was driving, *and* was driving at an unreasonable rate of speed, and that, unless the jury found that the boy's death was the direct result of *one or both* of these acts of negligence, the verdict must be for the defendant. It is

true this might indirectly advise the jury that they would be warranted in finding for the plaintiffs if they found that either act of negligence was the direct cause of the boy's death, but the plaintiffs had the right to have the jury so told affirmatively in language plain and unmistakable to the common understanding, and, as they would have been told if this refused instruction had been given. It is not a fair presentation of a plaintiffs' case to the jury, which requires them to go to the defendant's instructions and out of their negations spell out a right of recovery.

The plaintiffs' case had two good legs of its own to stand on, and the court ought not to have sent it to the jury halting on one, and a crutch borrowed from the defendant.

For the error of the court in refusing this instruction, the judgment must be reversed, and the cause remanded for new trial. All concur except BARCLAY, J., absent.