## DOUGHERTY v. THE KANSAS CITY & INDEPENDENCE RAPID TRANSIT RAILWAY, *Appellant.*

### Division One, March 26, 1895.

1. **Railroads:** DEFECTIVE STEPS: INJURY TO PASSENGER. In an action against a railroad company for injury caused by the negligence of defendant in failing to provide "safe steps or platform for egress from the trains," an instruction that, "if defendant provided and used such platform steps to enable the passengers to alight as were ordinarily provided for similar cars on similar roads," it has satisfied the requirements of the law, was erroneous, the issue being whether the platform steps of defendant's cars, at the time plaintiff was injured, were safe for the use of passengers.

2. ———: ———. A railroad company can not excuse itself from the obligation to furnish its passengers with safe appliances for getting in and out of its cars, by showing that the appliances it had adopted had been adopted and used by other railroads engaged in a similar work.

*Appeal from Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*Karnes, Holmes & Krauthoff* for appellant.

(1) The measure of care required of defendant in this case, as to the steps and other means of egress from its cars, was "such care only as a prudent person would exercise under like circumstances and in view of the danger to be apprehended. *Sargent v. Railroad,* 114 Mo. 348; Hutchinson on Carriers, sec. 521 a; *Kelly v. Railroad,* 112 N. Y. 443. And the same doctrine is

VOL. 128—3

announced in the first three instructions, given at the request of plaintiff. "A party is bound by the theory of his case presented by the instructions given at his instance." *Tetherow v. Railroad*, 98 Mo. 74. (2) The instruction, "that if the defendant provided and used such platform steps to enable the passengers to alight as were ordinarily provided for similar cars on similar roads, then in that respect it has satisfied the requirements of the law," was not, under the circumstances of this case, erroneous. Black's Law Dictionary, p. 173; Shearman & Redfield on Negligence, sec. 47; *Bohn v. Railroad*, 106 Mo. 429; *Titus v. Railroad*, 136 Pa. St. 618; *Iron Bldg. Works v. Nuttall*, 119 Pa. St. 149; *Boon v. Murphy*, 108 N. C. 187; *Moore v. Cass*, 10 Kan. 288. (3) Defendant's third instruction (which the trial court thought erroneous) is in two parts: one defines the duty of defendant in regard to the light, and the other in regard to the steps. There can be no criticism, whatever, of that portion of the instruction in regard to the light. The doctrine asserted in it is contained in the second instruction given for the plaintiff. If it was light enough for the plaintiff to get off the car in safety, and if it was his duty, as defined by his own instructions, to exercise ordinary care in doing so, it necessarily follows that the failure of the defendant to have the movable step at the car, was not negligence under the facts of this case, and it was proper to peremptorily instruct the jury to disregard any allegation of the defendant's negligence in that regard. *Weber v. Railroad*, 100 Mo. 194; *Sargent v. Railroad*, 114 Mo. 348; *Carroll v. Rapid Transit Co.*, 107 Mo. 653; *Railroad v. Kendrick*, 40 Miss. 374; *Railroad v. Able*, 59 Ill. 131; *Railroad v. Rutherford*, 29 Ind. 82. In fact, an inspection of the record will disclose that the question of steps did not enter into the consideration of the case to any material extent.

*Robert Adams* with *J. N. Southern* for respondent.

(1) The court did not err in granting to respondent a new trial. The third instruction given for appellant is obnoxious to the rule of law that prohibits the trial court instructing the jury that certain facts do or do not constitute negligence. *Huhn v. Railroad,* 92 Mo. 440; *Robinson v. Drane,* 100 Mo. 273; *Stone v. Hunt,* 94 Mo. 475; *Railroad v. Stock Yards,* 120 Mo. 541; *Peck v. Ritchey,* 66 Mo. 114; *Humbird v. Railroad,* 110 Mo. 76; *Calhoun v. Railroad,* 19 S. W. Rep. 341; *Garteizer v. Railroad,* 21 S. W. Rep. 631; *Railroad v. Bagley,* 22 S. W. Rep. 68; *Railroad v. Dyer,* 76 Texas, 160. (2) It was the duty of appellant to provide reasonably safe means at its depot in Independence, where it received and discharged passengers, to enable them to alight from its cars with safety. Shearman & Redfield on Negligence, secs. 275, 277; 1 Rorer on Railroads, page 479, sec. 3; Hutchinson on Carriers, sec. 602; *Kelly v. Railroad,* 70 Mo. 604; *Railroad v. Riley, Administratrix,* 39 Ind. 569; *Knight v. Railroad,* 56 Me. 234. This being the duty of appellant, it can not be excused from its performance, by showing that the means it adopted for the safety of its patrons were such as had been adopted by other railroads engaged in the transportation of passengers. *Hill v. Railroad,* 55 Mo. 438; *Hibler v. McCartney,* 31 Ala. 501; *Hinckley v. Inhabitants,* 109 Mass. 126; *Lawrence v. Hudson,* 12 Heisk. 671; *Cleveland v. Steamboat Co.,* 5 Hun, 523; *Bridge Co. v. Fisk,* 23 N. H. 171.

ROBINSON, J.—This case is here on an appeal by defendant from the order of the trial court setting aside a verdict and judgment, and granting to plaintiff a new trial, for alleged errors against the right of plaintiff in the giving of instructions.

The action was brought by plaintiff to recover damages from defendant for negligence which resulted to his injury while a passenger on one of its trains, in alighting at the town of Independence. The alleged negligence consisted in not providing necessary lights at said town and in not providing "safe steps or platform for egress from its trains and from the car on which plaintiff was transported as defendant's passenger as aforesaid, and in not giving plaintiff notice of the dangerous condition of said landing place, and in not providing suitable steps for plaintiff's exit from the car on which he rode, or such as he had been lead to expect of defendant, and did not assist or offer to assist him in any way to alight from said train, and in letting him grope his way out of said car in dense darkness and ignorance of the danger it had subjected him to by reason" of such carelessness and negligence of defendant.

After a protracted trial the issues were submitted to a jury and a finding for defendant was made. Plaintiff moved for a new trial, especially assigning as error the giving defendant's third instruction. The motion was sustained, from which action defendant appealed to this court. The instruction is as follows:

"If the jury believe from the evidence, that the light, if any, in use at the station at Independence at the time of the accident, whether provided by the defendant or from any other sources, was sufficient to enable passengers exercising ordinary care and prudence to alight with safety, then the requirements of the law were satisfied in that respect, *and the jury are farther instructed, that if the defendant provided and used such platform steps to enable the passengers to alight as were ordinarily provided for similar cars on similar roads, then in that respect it has satisfied the requirements of the law.*"

The italicized portion of the instruction is that of which complaint is made. We think justly so. The first paragraph is well enough, certainly in view of the tender of a similar declaration by defendant.

The faulty portion of the instruction can not be justified upon any theory of law; it practically declares that if the platform steps used by defendant at the place and time in question were such as "were ordinarily provided for similar cars on similar roads," without regard to the question as to whether the appliance was reasonably safe, dangerous or otherwise, then plaintiff can not recover. The action of the lower court in promptly repudiating its error is highly commendable.

It is not necessary to set out the evidence nor consider the other points made. This error alone justified the court's action. The issue was not what platform steps are ordinarily provided for similar cars on similar roads, but whether the platform steps of this *particular road* at the time when plaintiff was injured were in a safe condition. The defendant can not excuse itself from the obligation to furnish its passengers with reasonably safe appliances for getting in or out of its cars by showing that the appliances it had adopted had been adopted and used by other railroads engaged in a similar work. No amount of elaboration would make the matter any plainer or the error in giving the instruction any less. *Hill v. Railroad,* 55 Me. 438; *Cleveland v. Steamboat Co.,* 5 Hun, 523; *Humbird v. Railroad,* 110 Mo. 76. The action of the lower court in granting a new trial was correct and the judgment is affirmed. All concur.