MARY BRADY, Respondent, v. SPRINGFIELD TRACTION COMPANY, Appellant.

### Springfield Court of Appeals, January 3, 1910.

1. **STREET RAILWAYS: Carriers of Passengers: Duty as to Care.** Carriers of passengers in discharging the duty to such passengers must use the utmost care for their safety that would be used by a very cautious person under the same circumstances.

2. ————: ————: ————: **Starting Car before Passenger is Seated.** It is the duty of a street car company to hold the car a sufficient length of time to give passengers an opportunity to board it and reach a place of safety, and if it is necessary for the party to be seated in order to be safe from danger when the car is started, then it is the duty of the company to hold it until the person has been seated.

3. ————: ————: ————: ————: **Sufficiency of Evidence.** In a suit against a street railway company for injuries to plaintiff received while a passenger on account of the sudden starting of the car before plaintiff was seated, the evidence showed that plaintiff was an old lady in an enfeebled condition, which fact the conductor knew or ought to have known. He also knew that unusual force would have to be applied to the car to start it. *Held*, it was negligent for the conductor to give the signal to start the car before plaintiff had had a reasonable time in which to be seated.

4. ————: **Pleading: Sufficiency of Petition Alleging Negligence in Starting Car.** A general allegation in the petition that the car was started before the plaintiff had time to be seated and that injuries resulted therefrom is sufficient. So also is the allegation that defendant "negligently started the car with a sudden jerk and in such a manner as to violently throw the plaintiff down," and it is not necessary to further allege that such jerk was a greater one than usually accompanies the starting of such car.

5. **EVIDENCE: Hearsay: Statements of Patient to Physician.** The rule is that a physician, in describing the result of an examination of a patient, may give statements of the patient made to him in the course of the examination which relate to the condition of the patient at the time and which give the physician information proper for him to have in determining the condition of the patient.

6. ———: ———: ———. Statements made by the patient to a physician which relate to her past condition or to the circumstances surrounding the injury or the manner in which she received it, are not admissible.

7. **PRACTICE: Improper Remarks of Counsel: When not Reversible Error.** .Where improper remarks are made by plaintiff's counsel in addressing the jury, but there is nothing to indicate that the verdict was the result of these remarks, and the verdict under the evidence is not excessive and is for the right party, the judgment will not be reversed for this error.

Appeal from Greene Circuit Court.—*Hon. James T. Neville,* Judge.

AFFIRMED.

*Delaney & Delaney* for appellant.

(1) The petition does not state a cause of action and the motion in arrest of judgment should have been sustained. Saxton v. Railroad, 98 Mo. App. 503; Stewart v. Railway, 146 Mass. 605; Meers v. Railway, 62 S. W. 1012; Dougherty v. Railroad, 81 Mo. 330; Maguire v. Transit Co., 103 Mo. App. 475; Stoddard v. Railroad, 105 Mo. App. 512. (2) To hold that the defendant is liable in this case is to hold it cannot start a car until the passenger is seated and to hold that in starting they must do it so imperceptibly as not to jar passengers. The following cases abundantly sustain our contention. Bartley v. Railroad, 148 Mo. 124; Hite v. Railroad, 130 Mo. 132; Saxton v. Railway, 98 Mo. App. 503. (3) Where jolts and jerks are ordinarily incident to the starting and movement of the car, the risks are assumed by passengers. Accidents and mishaps which are consistent with those movements create no presumption of negligence arising from the mere fact that a passenger is injured. Curtis v. Railroad, 18 N. Y. 534; Thomas v. Railroad, 23 Atl. 989; Feital v. Railroad, 109 Mass. 398; Hawkins v. Railroad, 28 Pac. 1021; Mitchell v. Railroad, 51 Mich. 236; Hayes v. Railroad, 97 N. Y. 259; Dressler v. Railroad, 47 N. E. 51; Elson v. Railroad, 68

N. W. 298; Railroad v. Cason, 72 Md. 377; Choate v. Railroad, 36 S. W. 247; Stewart v. Railroad, 146 Mass. 605. (4) The language of counsel for respondent in his closing argument warrants a reversal of this case. It had but one tendency—to inflame the jury. Reeder v. Studt, 12 Mo. App. 566; Marble v. Walters, 19 Mo. App. 134; Gibson v. Zeibig, 24 Mo. App. 65; Ensor v. Smith, 57 Mo. App. 596; Smith v. Tel. Co., 55 Mo. App.634; Leu v. Transit Co., 106 Mo. App. 329; Estes v. Railway, 111 Mo. App. 1; Miller v. Dunlap, 22 Mo. App. 97; McDonald v. Cash, 45 Mo. App. 80; Bishop v. Hunt, 24 Mo. App. 377; Killoren v. Dunn, 68 Mo. App. 212; Norton v. Railway, 40 Mo. App. 642; Holliday v. Jackson, 21 Mo. App. 660; Clark v. Fairley, 30 Mo. App. 335; Nichols v. Melzger, 43 Mo. App. 607; Fatham v. Tumilty, 34 Mo. App. 236; Rice v. Sally, 176 Mo. 107; Haynes v. Trenton, 108 Mo. 133; Evans v. Trenton, 112 Mo. 390; Morgan v. Durfee, 69 Mo. 469; Beck v. Dowell, 111 Mo. 506; Ritter v. Bank, 87 Mo. 574; State v. Lee, 66 Mo. 165; State v. Barham, 82 Mo. 67; State v. Ferguson, 152 Mo. 92; State v. Warford, 106 Mo. 55; State v. Reilly, 4 Mo. App. 392; Anderson v. Railway, 71 N. W. 377; Taylor v. Railway, 79 N. W. 18.

*Hamlin & Seawell* for respondent.

(1) "To make a sudden start of sufficient violence to injure a passenger who is proceeding with reasonable care to reach a place of security is presumptively negligent, and the presumption becomes conclusive unless the carrier show facts which make it appear that the manner of making the start was unavoidable in the exercise of the highest degree of care." Miller v. Railroad, 125 Mo. App. 415; Dougherty v. Railroad, 9 Mo. App. 478; Stoddard v. Railroad, 105 Mo. App. 520; Akerslott v. Railroad, 15 L. R. A. (N. Y.) 489; Homes v. Traction Co., 153 Pa. St. 52; Pryor v. Met. St. Ry. Co., 85 Mo. App. 375; Clark's Acc. Law, 27; Bertram v. Railroad, 254 Mo. 639; Stoddard v. Railroad, 105 Mo.

512. (2) If counsel is reprimanded by the court at the time of making statements outside of the record, that cures the error. Walton v. Railway, 49 Mo. App. 620; Bradley v. Spickardsville, 90 Mo. App. 417.

STATEMENT.—Plaintiff sued for damages on account of an injury she claims to have received while a passenger on defendant's street car in the city of Springfield. Recovered damages below for twelve hundred dollars, and defendant has appealed. The material parts of the petition on which the case was tried are as follows:

"That on or about the 18th day of September in 1907, the said defendant while operating a street railroad as aforesaid mentioned on said Commercial street, accepted the plaintiff as a passenger on board one of its cars and that as she was in the act of taking her seat, and while she was standing in said car, the agents, servants and employees of said company negligently and suddenly started said car before the plaintiff had time to be seated therein, and negligently started said car with a sudden jerk and in such a manner as to violently throw plaintiff against the side or end of the seat in said car which injured her as follows, to-wit: that three short ribs on the left side of the plaintiff, to-wit: the tenth and eleventh, were fractured, and that she was greatly wounded and bruised on and along her spinal column, and was bruised and injured internally, and that her kidneys were affected. That the agents, servants and employees of the defendant knew plaintiff's position in said car or by the use of reasonable diligence could have known it."

The evidence shows that plaintiff and two other passengers boarded defendant's car at the corner of Springfield avenue and Commercial street; that at this point the car makes a curve turning from Springfield avenue into Commercial street, and the grade is a little up-grade. The conductor was standing on the rear platform and watched the plaintiff board the car; the

motorman was at the front end of the car and started. the car upon a signal given by the conductor from the rear. When the car started it started with a "jerk" as the witnesses described it and as a result of this "jerk" the plaintiff, who was not yet seated, was thrown into a seat, and, as she claims, injured by striking the end or back of the seat. One of the other passengers was seated before the car started. The other one was at the end of the seat ready to sit down and the starting of the car also threw her into the seat, but did not injure her. The plaintiff was sixty-nine years of age, walked with a cane and was helped on to the car by one of the fellow passengers. The evidence of the conductor and motorman discloses the fact that at this point, there being a curve in the track and an up-grade, that in order to start the car it was necessary to turn on considerable power and that the car could not be started without a "jerk" without danger of injury to the car.

COX, J.—Appellant assigns as error:

1. The petition does not state a cause of action.

2. That the court erred in admitting hearsay evidence.

3. That the court erred in refusing to sustain a demurrer to the testimony.

4. Improper remarks of plaintiff's counsel in addressing the jury in his closing argument.

As to the sufficiency of the petition, appellant contends that it is not negligence to start a car before a passenger has had a reasonable time to be seated. Nor does the allegation that the car was started with a "jerk" show any negligence.

Carriers of passengers, in discharging their duty to such passengers, must use the utmost care for their safety that would be used by very cautious persons under the same circumstances. [Hite v. Railway, 130 Mo. 133 l. c. 139, 31 S. W. 262, and other cases cited.] This is the settled law of this and other states. What acts

on the part of the servants and employees of a carrier will properly discharge this duty in a given case must depend upon the circumstances of that case. It is the duty of the street car company to hold the car a sufficient length of time to give passengers an opportunity to board it and reach a place of safety. [McGuire v. Railroad, 103 Mo. App. 1. c. 475; Stoddard v. Railroad, 105 Mo. App. 512, 80 S. W. 33; Dougherty v. Railroad, 81 Mo. 1. c. 330 and 331.]

And if it be necessary for the party boarding the car to reach a seat and be seated in order to be safe from danger when the car is to start, then it is the duty of those in charge of the car to hold it until the person has been seated. Whether this is necessary or not will depend upon the circumstances of the case. It is not true that the parties in charge of the street car have the right, under all circumstances, to start the car before the passenger has been seated. This question must depend upon the facts in each case, and hence, a general allegation in a petition that the car was started before the plaintiff had time to be seated and that injury resulted therefrom states a cause of action.

It is also contended that the allegation that the servants of defendant "negligently started said car with a sudden jerk and in such a manner as to violently throw plaintiff against the side or end of the seat of said car" is not sufficient as a charge of negligence in the manner of starting the car. It is contended that it should have been charged that the "jerk" was an extraordinary or unusual jerk, and that in the absence of this allegation, no negligence is charged even though a party might be thrown down and severely injured by said "jerk." It will be noticed that this charge is not merely that defendant started the car with a "jerk," but the charge is that defendant *"negligently* started the car with a sudden jerk and in such a manner as to violently throw the plaintiff down." We think this allegation sufficient. We do not think that a person injured by be-

ing thrown down in a street car by the manner of the
starting of the car, must, before he can recover, allege
and prove, in addition to the fact that the car was "neg-
ligently started with a sudden jerk and in such a man-
ner as to violently throw him down," that such jerk was
a greater one than usually accompanied the starting of
such cars. To so hold would be to say that if it were a
common practice of the defendant in starting its car to.
do so with such a jerk as to violently throw down pas-
sengers who had not yet secured seats, then anyone who
might be injured in a fall caused thereby could not re-
cover. This is not the law. It is the duty of all carriers
of passengers on street and all other railways to use
proper care for the safety of their passengers. What
this duty will require of the carrier in a given case de-
pends upon the facts of that case and not upon the com-
mon practice of the carrier. It would have been better
pleading, perhaps, to have charged that the car was neg-
ligently started with a jerk of unnecessary force. Then
whether the jerk was necessary in order to start the car
at all would be a matter of proof, but our conclusion is
that an allegation which charges that a car was negli-
gently started with a sudden jerk and in such a manner
as to violently throw plaintiff against the side or end of
a seat, and by reason thereof injury resulted to her, is
sufficient and the proof of these facts will make a prima-
facie case if the plaintiff was using due care on her part.

Our conclusion is that the petition was sufficient
and that point must be ruled against the defendant.

The next assignment of error is that the court erred
in admitting hearsay testimony, and in this, our atten-
tion is called to two classes of testimony. One is that
certain witnesses were permitted to testify that Dr.
James, who had visited the plaintiff without being sent
for by her, stated on the occasion of his visit that he was
the physician of the defendant. While this was im-
proper, this was as far as that testimony went, and
whether Dr. James was or was not a physician in the

employ of defendant, could not affect any issue in this case, nor can we see how the defendant could be injured by this statement; hence, this error was harmless.

Dr. Tucker who was called to visit plaintiff after this injury, in testifying as to the condition in which he found her, was permitted to repeat some statements made by her to him in response to questions asked her by him during the examination. It is claimed that this was hearsay and self serving and should have been excluded. It was held in this State in the case of Gartside v. The Insurance Company, 76 Mo. 446, that such statements could not be admitted in evidence, but this case was overruled by the case of Groll v. Tower, 85 Mo. 249, and the latter case was followed in the case of Squire v. The City of Chillicothe, 89 Mo. 226, 1 S. W. 23, and it has, since that time, been the settled law of this State that such testimony is admissible. Hence, there was no error in admitting this testimony. The rule is that a physician, in describing the result of an examination of a patient, may give statements of the patient made to him in the course of the examination which relate to the condition of the patient at the time and which give the physician information proper for him to have in determining the condition of the patient, but statements made by the patient which relate to her past condition or to the circumstances surrounding the injury or the manner in which she received it, are not admissible. In this case nothing was admitted which violates the rule.

Defendant demurred to the testimony in this case and now contends that the evidence does not show any negligence on the part of defendant or that it was in any way liable. This evidence shows this plaintiff to have been an old lady in an enfeebled condition, which fact the conductor knew or ought to have known, for he watched her board the car. That the car was started before she had time to be seated. That the conductor knew that when the car was to be started unusual force would have to be applied to it. Under these circum-

stances, the conductor must be held to have known that the starting of this car before plaintiff was seated would likely injure her, and for him, under these circumstances, to give the signal and have the car started before plaintiff had had a reasonable time in which to be seated, was negligent and the demurrer to the testimony was properly overruled.

The last assignment of error is that the counsel for plaintiff used improper remarks in addressing the jury in his closing argument. The remarks were as follows:

"This corporation looks ahead and employs the best counsel in Southwest Missouri—keeps him on a standing salary and when this poor old woman, sixtynine years old, who hasn't got anything and her boy supports her and his family and works over the hot iron in the blacksmith shops of the Frisco road and they want to come into court here—"

Defendant's counsel here objected and asked the court to reprimand counsel for plaintiff. The court addressing counsel for plaintiff said, "You must be careful, Mr. Hamlin, and keep within the record." Counsel for defendant, not being satisfied with this admonition, insisted that the court should reprimand the counsel in more severe terms, which the court refused to do. These remarks of plaintiff's counsel were improper. Counsel, in making an argument to a jury, ought to confine himself to the issues in the case and the evidence which tends to support them. In this case he ought not to have called attention to the fact that this old lady had nothing—that she was supported by her son who was compelled to work over the hot iron in the shops of the Frisco road and that the defendant was a corporation who was able to employ the best counsel in Southwest Missouri. These were all matters about which the jury had no concern, and which they had no right to consider in arriving at a verdict in this case. The trial courts ought to be careful to see that attorneys on either side of

a case do not violate the rule in these matters. It does not necessarily follow, however, that every case, in which an attorney trespasses the rule in this respect, shall be reversed. If this were a close case on the evidence or the damages assessed were unreasonably high, or there were anything in the case to indicate that the verdict was the result of these remarks of counsel rather than a fair consideration of the testimony, we should not hesitate to reverse this case upon that ground, but after a careful consideration of the record in this case, we conclude that the only proper verdict that could have been rendered was a verdict for the plaintiff, and that the damages assessed, when considered in the light of the testimony relating to the extent of plaintiff's injury, are not excessive, and we, therefore, have reached the conclusion in this case, that the remarks of the counsel for plaintiff, improper as they were, did not affect the result. The judgment is for the right party and will, therefore, be affirmed. All concur.