R. H. CREASON, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. EVIDENCE: Custom: Carriers of Passengers: Checking Baggage. Plaintiff boarded defendant's passenger train at a flag station, where there was no station agent, and went forward to the baggage car to see about his baggage. In passing out, and while attempting to close the door of the baggage car, he mashed his finger between the door knob and the casing. *Held,* proper to admit testimony, showing that it was a custom of the defendant to permit passengers, who got on at a station where there was no agent, to go to the baggage car for the purpose of checking or seeing about their baggage.

2. NEGLIGENCE: Failure of Duty. Negligence is a relative term, and in order to show one guilty of an act of negligence, it must first be shown that he owed some duty to another which he failed to perform, and that his failure resulted in injury to the other.

3. CARRIERS OF PASSENGERS: Duty to Passenger: Checking Baggage on Train: Custom. Where it is shown by the evidence that it was the custom of a railroad company to permit a passenger who boarded a train at a flag station, where there was no agent, to go to the baggage car to see about checking his baggage, it was the duty of the company to see that the doors through which the passenger was required to pass were reasonably safe.

4. ———: **Injury to Passenger: Finger Mashed in Closing Door.** Plaintiff, a passenger, while passing through the door of one of defendant's coaches, in attempting to close the door, mashed his finger between the knob and the casing. *Held,* that in so commonplace an act as closing a door, it was not necessary to "stop and look," to see if there would be danger, and that the knob should be placed on the door, so that a person using it in the ordinary way would not receive injury therefrom.

5. ———: ———: ———: ———: **Custom.** The fact that a knob to a door of one of the coaches in defendant's passenger train had been placed so close to the casing that a person using the knob in the usual way, would get his fingers caught between the door and the casing, and that a passenger was injured in this way is sufficient to charge the defendant with negligence.

6. **CUSTOM: Negligent Custom: Carriers of Passengers: Personal Injury.** A passenger was injured by catching his finger between the doorknob and casing, as he attempted to close the door to a coach in defendant's train. The evidence on the part of the defendant tended to show that the door and the knob on this coach were constructed in the same way as the doors and knobs on other coaches are usually constructed. *Held,* that this did not relieve defendant of liability where it appeared that the construction of the door was not a reasonably safe one; that railroads or other common carriers cannot excuse themselves from a charge of negligence by proving that others, similarly engaged, were generally guilty of the same act of negligence charged against them.

7. **DAMAGES: Personal Injury: Excessive Verdict.** Plaintiff obtained judgment for $500 on account of getting his finger mashed. It appears that he was under the doctor's care for three or four weeks, and lost four or five weeks time; that he was a traveling salesman, earning two or three hundred dollars per week. *Held,* that the verdict was not excessive.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*R. T. Railey* and *N. A. Mozley* for appellant.

(1) In order to justify a recovery for negligence, it must be shown that defendant owed a duty to protect plaintiff from the injury of which he complains; that

the duty was not performed, and that the injury to plaintiff resulted from the failure to perform the duty. Shaw v. Goldman, 116 Mo. App. 332, 92 S. W. 165; Wheeler v. Railroad, 66 Mo. App. 260; Loehring v. Construction Co., 118 Mo. App. 163, 94 S. W. 747; Wencker v. Railroad, 169 Mo. 592, 70 S. W. 145; Coin v. Lounge Co., 222 Mo. 488, 121 S. W. 1.   (2)   Respondent's proof wholly failed to establish the custom pleaded in the petition, or any custom.   Johnson v. Parrott, 92 Mo. App. 199; Ehrlich v. Insurance Co., 103 Mo. 231, 15 S. W. 530; Shields v. Railroad, 87 Mo. App. 637; Ober v. Carson, 62 Mo. 209; Martin v. Hall, 26 Mo. 386; 29 Am. and Eng. Ency. Law (2 Ed.), 365, 366; Percell v. Railroad, 126 Mo. App. 43, 103 S. W. 118.   (3)   Customs and usages must be strictly construed—nay, very strictly—even stricter than any act of parliament that alters the common law.   Lawson on Usages & Customs, 108; Martin v. Milling Co., 49 Mo. App. 31.   (4)   Respondent's injury was due entirely to accident for which appellant is not responsible.   Hite v. Railroad, 130 Mo. 132, 31 S. W. 262; Hysell v. Swift & Co., 78 Mo. App. 39; American Brewing Co. v. Talbot, 141 Mo. 674, 42 S. W. 679; Chandler v. Gas Co., 174 Mo. 321, 73 S. W. 502; O'Malley v. Railroad, 113 Mo. 319, 20 S. W. 1081; 2 White's P. I. on Railroad 592; Sawyer v. Railroad, 37 Mo. 240; Young v. Railroad, 93 Mo. App. 275.   (5) Plaintiff was clearly guilty of contributory negligence and cannot recover.   Maxey v. Railroad, 113 Mo. 1, 20 S. W. 656; Carroll v. Transit Co., 107 Mo. 653, 17 S. W. 891; Vogg v. Railroad, 138 Mo. 172, 36 S. W. 647.

*Ernest A. Green* for respondent.

(1)   Appellant under all of the evidence in the case owed the respondent the duty to provide him with a reasonably safe means of ingress and egress in, to and from the baggage car, and to provide reasonable safe

doors and entrances thereto and therefrom; which duty it failed to perform, resulting in respondent's injury, for which he is entitled to recover. Thompson on Negligence (2 Ed.), sec. 422; Webster v. Railroad, 40 Hun. (N. Y.) 161, 115 N. Y. 112; Railroad v. Berg, 17 Ky. L. Rep. 616, 32 S. W. 616; Railroad v. Parsley, 6 Tex. Civ. App. 150, 25 S. W. 64; Railroad v. State, 72 Md. 36, 6 L. R. A. 706; 41 Am. and Eng. Railroad Cases, 126; 18 Atl. Rep. 1107; Jones v. Railroad, 43 Minn. 279, 44 N. W. Rep. 444; O'Donnell v. Railroad, 59 Pa. St. 239; Watson v. Railroad, 24 Upper Canada Q. B. 98; Carroll v. Railroad, 1 Duer (N. Y.) 571; Railroad v. Ball, 53 N. J. L. 283, 21 Atl. Rep. 1052; 2 White on Railroads, sec. 648; Wagoner v. Railroad, 118 Mo. App. 239, 94 S. W. 293; Dougherty v. Kansas City, 128 Mo. 33; Flynn v. Transit Co., 113 Mo. App. 185; Eichorn v. Railroad, 130 Mo. 575; Madden v. Railroad, 50 Mo. App. 666; Nissen v. Railroad, 19 Mo. App. 662; Nurse v. Railroad, 61 Mo. App. 67; Murphy v. Railroad, 43 Mo. App. 342; Seymour v. Railroad, 114 Mo. 266; 6 Cyc. 606; Gilroy v. Transit Co., 117 Mo. App. 668; McCarty v. Railroad, 105 Mo. App. 596; Goodloe v. Railroad, 120 Mo. App. 194; Sherman v. Railroad, 72 Mo. 62; Ahnefeld v. Railroad, 111 S. W. 95. (2) The verdict is not excessive, but is fully warranted by the evidence. Gibbs v. Light & Power Co., 125 S. W. 840; Baker v. Independence, 93 Mo. App. 165.

COX, J.—Action for personal injuries received by plaintiff by having a finger mashed while attempting to close the door of an express car of defendant's train. The facts out of which this action arose are substantially as follows:

Plaintiff boarded defendant's train at a flag station named Jordan. There being no depot or station agent at this station plaintiff after having boarded the train paid his fare to the auditor to Piedmont, and went forward to the baggage car for the purpose of informing

the baggage agent to put his baggage off at Piedmont and to pay him for the excess. After having done this he started back to the passenger coach and in passing out of the baggage car he caught hold of the door knob on the car door and pulled it after him as he went out for the purpose of closing the door, and in doing so the second finger of his left hand caught between the door knob and the door casing and was mashed. There was a trial by jury, verdict for plaintiff for five hundred dollars, and defendant has appealed.

The errors assigned are the refusal of the court to sustain a demurrer to the testimony, error of the court in admitting testimony on the part of plaintiff, and error in giving and refusing instructions. The petition in this case alleged that it was the custom and requirement of the defendant that passengers having baggage put on at stations where there were no agents are required to go forward to the baggage coach to arrange about their baggage after having boarded the train. In order to prove that plaintiff had the right to go to the baggage coach for the purpose for which he did go, he and other witnesses were permitted to testify that such was the custom and practice of the company. Some of them testified that in passing over the same road, under similar circumstances, the conductor had told them to go to the baggage coach for the same purpose for which plaintiff went on this occasion. It is now contended by appellant that this testimony was inadmissible for the purpose of establishing a custom upon the part of defendant, and insists that the rigid rules relative to the manner in which customs are to be proven in the trial of cases should be applied to this case. We think this testimony was clearly admissible and whether it was sufficient to establish a custom, as that term is usually understood, we think it is sufficient to show that the company transacted that part of its business in that way. It was a part of the business of defendant to carry baggage belonging to its passengers and the passenger had

the right to·use whatever facilities the defendant had provided for their use in the transaction of their business with it. In this case plaintiff, having boarded the train at a flag station where there was no agent, the company had provided no way·by which the plaintiff could attend to checking his baggage before it was loaded, neither did the company have any rule or provide any means by which the plaintiff was expected to have notified the baggage agent before the train started where he wanted his baggage put off, neither did they make any arrangements by which he could pay to the baggage agent the charges for the excess, if he had any, before the train started, and by not having made this provision and the evidence having shown that this plaintiff and other traveling salesmen had been permitted by the company to go to the baggage car while the train was in motion for the purpose of arranging about their baggage, we think it was sufficient to show that this was the means adopted by the company for transacting this class of business with its customers.

The next question arises as to whether defendant was negligent in its duty toward the plaintiff. Negligence is a relative term, and in order to show one guilty of actionable negligence it must first be shown that he owed some duty to another which he has failed to perform and that his failure resulted in injury to the other. [Shaw v. Goldman et al., 116 Mo. App. 332, 92 S. W. 165; Loehring v. Construction Co., 118 Mo. App. 163, 94 S. W. 747; Wencker v. M., K. & T. Ry. Co., 169 Mo. 592, 70 S. W. 145.]

It is contended by appellant in this case that plaintiff in going to the baggage car was a mere volunteer and at most a licensee, and that the company owed him no duty to keep the doors of the car in a reasonably safe condition for his use, and upon this proposition hinges this case. What we have said in regard to the admissibility of the testimony on behalf of plaintiff will apply with equal force to the question now under con-

sideration. It seems from the testimony in this case that the plaintiff did the only thing he could do in order to have his baggage put off at the place of his destination. This being true, the defendant did owe to him the duty of seeing that the doors through which he was required to pass were reasonably safe.

It is contended by appellant that if all this be conceded, still the plaintiff was guilty of contributory negligence and for that reason he cannot recover. The testimony upon this question is that plaintiff in passing out from the baggage car took hold of the knob of the door with his left hand and pulled the door shut after him as he passed out and in doing so his finger was caught between the knob and casing of the door and crushed. Taking hold of a door knob to open or close a door is so commonplace an act and one so universally practiced that the court or jury would need no proof of the usual manner of doing it, but it is a matter of common knowledge that a person closing a door would catch hold of the knob and pull it shut and in doing so it would not occur to the ordinary person that it was necessary to "stop and look" to see if there would be danger of mashing his finger in the act before he would proceed to close the door, and he should not be charged with negligence for doing as any other ordinarily prudent person would do under the same circumstances. The fact that people generally in closing doors, do not "stop and look" to see if they are liable to be hurt would suggest to any one placing a knob on the door to be used for that purpose to place it where the person using it would not, in using it in the ordinary way, be liable to receive an injury. Plaintiff's evidence tends to show that the door knob was so close to the door casing when the door was closed that a man's finger could not be passed between them. If this is true it necessarily follows that if a person in closing the door should catch the knob with his fingers on that side he would

get hurt, and this evidence was sufficient to charge the defendant with negligence.

The instructions given on behalf of plaintiff and defendant submitted to the jury the issue as to plaintiff's right to go to the baggage car for the purpose for which he went, the question of his care or negligence, and the question of the negligence of defendant, and without setting them out at length it is sufficient to say that these instructions fairly submitted the issues to the jury.

The appellant insists that the court erred in refusing instruction four, asked by the defendant, which told the jury that the baggage cars of defendant company were not intended for the carriage of passengers and that if plaintiff voluntarily went into the car for the purpose of seeing after his baggage, then he assumed all the risks incident to his acts and the company was not liable for any injury that he might receive in that respect. This instruction amounted to a demurrer to the testimony for it practically told the jury that under the testimony in this case the plaintiff had no right to go to the baggage car, and that having done so he could not complain of being injured in the way that he was, and having reached the conclusion that a demurrer to the testimony should not have been sustained, it necessarily follows that this instruction was properly refused.

The evidence on the part of defendant tended to show that this car door was constructed in the same way that the doors of other express and passenger coaches are usually constructed, and now insists that this testimony, not having been denied, it must be taken as a fact, and that if this door was constructed in the way that doors to such cars are ordinarily constructed that defendant could not be charged with negligence on account of the manner of its construction. This position would be tenable provided the construction in itself was reasonably safe, but no custom or practice, however universal,

which is inherently negligent in its character can be purged of the element of negligent construction by the generality of its use. To adopt such a rule would be to permit railroads or other common carriers to excuse themselves from a charge of negligence by proving that others similarly engaged were generally guilty of the same acts of negligence charged against them, and this the law will not permit. [Daugherty v. Railroad, 128 Mo. 33; Joyce v. Railroad, 219 Mo. 344, 370; Brady v. Traction Company, 124 S. W. 1070.]

It is also contended that the damages assessed in this case are excessive. The evidence on the part of plaintiff shows that his finger was badly mashed; that he was under the doctor's care for three or four weeks; that he lost four or five week's time; that he was a traveling salesman earning from two hundred to three hundred dollars per week at that time, and in view of this testimony we are not prepared to say that the verdict is so excessive as to justify this court in interferring with it upon that ground. The judgment will be affirmed. All concur.