SARAH H. GOULD

*vs.*

MAINE CENTRAL TRANSPORTATION CO., ALSO KNOWN AS MAINE CENTRAL BUS LINES.

APPLETON GOULD

*vs.*

MAINE CENTRAL TRANSPORTATION CO., ALSO KNOWN AS MAINE CENTRAL BUS LINES.

Penobscot.     Opinion, November 25, 1939.

*Stern & Stern,* for plaintiffs.
*Edward S. Anthoine,*
*Bernstein & Bernstein,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

(DUNN, C. J., sat at argument but did not participate in the decision in this case because of his death on November 10, 1939.)

STURGIS, J.   In these actions on the case to recover damages for personal injuries received by Sarah H. Gould while riding as a passenger in a bus operated by the Maine Central Transportation Co. and for incidental losses suffered by Appleton Gould, her husband, verdicts for the plaintiffs were returned in the Trial Court. The cases come forward on the defendant's general motions for new trials.

In an earlier trial of these actions, when the plaintiffs had put in their cases, the defendant rested without presenting any evidence

and, on its motion, was granted directed verdicts. Exceptions were sustained. *Gould* v. *Maine Central Transportation Co.*, 136 Me., 83, 1 A., (2d) 908. Adhering to the settled rule that the evidence, which all came from the plaintiffs, must be viewed in the light most favorable to them, it was there stated that:

"The jury could have found that on June 13th, 1936, Mrs. Gould purchased tickets for herself and some relatives for their transportation from Bangor to Newburyport by bus owned and operated by the defendant company; that these tickets had on them seat numbers; that the bus driver showed Mrs. Gould to her seat, which was the inside seat on the first row to the left of the aisle and facing the windshield; that immediately in front of her seat and to the left of the driver's windshield was an open window, with nothing whatsoever to protect her from any object coming through it, which the bus driver permitted to remain open while he drove at a speed of about fifty (50) miles per hour; that while the bus was so proceeding near Gray, she felt something strike her in the eye 'with such force that it felt like a cannon ball' and she screamed, 'Stop the bus, stop the bus, something came in the window, and struck me in the eye'; and that thereby she received serious injuries, . . . ."

And attention was called to the fact then of record that, although it was admitted that something hit the passenger's eye, it was not definitely known what the object was, nor from whence it came.

The Court then reaffirmed the rule that the defendant, the Maine Central Transportation Co., as a common carrier, in the operation of its bus was not bound as an insurer but owed the duty to its passengers to exercise the highest degree of care compatible with the practical operation of the machine in which the conveyance was undertaken. *Chaput* v. *Lussier*, 132 Me., 48, 52, 165 A., 573, and cases cited. And it was held that the failure of the Trial Court to allow the jury to determine whether the defendant exercised requisite care in the "preparation and management" of its bus with reference to the open window and should have reasonably anticipated to result therefrom "peril or injury" to its passenger was error.

At the retrial of these cases, upon which this review is based, the plaintiffs again offered substantially the same evidence in support of the allegations of their writs, but were able to show that the object which hit the passenger's eye was a small, rough, sharp-edged, non-metallic particle having the appearance of a stone. This evidence was sufficient to take the cases to the jury. *Gould* v. *Maine Central Transportation Co.*, supra. Unless a valid and sufficient defense is found in the record, the verdicts rendered were warranted.

Counsel for the Maine Central Transportation Co., now as before, argue on the brief that the injury to the passenger's eye is not established by competent evidence. This Court is of the opinion, however, that upon the facts clearly proven the jury were warranted in reaching the conclusion, as they evidently did, that a particle of dirt or cement came in through the open window of the bus, struck the passenger's eye with great force, and caused the injury of which she complains. It is common knowledge that improved highways, even when built of cement, often carry on their surface more or less sand or gravel brought on in the course of travel, as well as small particles of cement loosened by wear or disintegration, all liable to be raised into the air by the winds or the suction of passing travel. And no intelligent person of this generation is unaware of the powerful inrush of air through an open window in the front end of a motor vehicle travelling at a speed of fifty miles an hour. Without a semblance of proof that the object which injured the passenger's eye came from any other source, it was a warranted inference that it was drawn in through the open window behind which she sat. A reasonable inference drawn from established facts is proof, not surmise.

In behalf of the Maine Central Transportation Co., it was proved that the vehicle in which this accident occurred was a 1935 passenger bus produced by a well-known manufacturer, had all the latest appliances and accouterments then furnished for and used in passenger vehicles of that type, and at that time passenger busses were not equipped with no-draft windows, so-called, nor windshields, screens or any protection whatsoever for passengers seated by or back of open windows. There was also evidence that the window through which came the object which injured the plaintiff passenger was left open for ventilation. Upon these facts, the carrier,

through its counsel, argues on the brief that as a matter of law it can not be held liable for the injuries and losses which the plaintiffs here suffered.

In *Knight* v. *Portland, Saco & Portsmouth R. R. Co.*, 56 Me., 234, quoted in *Gould* v. *Maine Central Transportation Co.*, supra, approval was given to the statement that while common carriers of passengers are not bound to insure the absolute safety of their passengers, "they are required to make use of such safeguards for the protection of their passengers as science and art have devised, and as experience has proved to be efficacious in accomplishing their object." This rule of law is abundantly supported by the authorities. 10 Corpus Juris 955, n. 37 and cases cited. But it is equally well settled that the mere fact that the appliances used be the latest achievements of mechanical and scientific skill and are such as are in common use does not conclusively prove that the carrier was not negligent. If the appliances are not suitable for use in the transportation of passengers, it is negligence to employ them for that purpose. *Transportation Co.* v. *Harvey*, 15 Fed. (2d), 166; *Jacobi* v. *Builders' Realty Co.*, 174 Cal., 708, 164 P., 394; *I. C. R. R. Co.* v. *O'Connell*, 160 Ill., 636, 43 N. E., 704; *Creason* v. *Railroad*, 149 Mo. App., 223; 130 S. W., 445; *Dougherty* v. *Rapid Transit Railway*, 128 Mo., 33, 30 S. W., 317; 3 Thomp. Neg., Sec. 2792; 13 C. J. S. 1389. A window in a passenger car or motor bus is an "appliance of transportation." *Orms* v. *Traction Bus Co.*, 300 Penna., 474, 150 A., 897.

The contention made by the Maine Central Transportation Co. that it used standard appliances and equipment in its bus seems, however, to be of little if any importance in these cases. No question is raised as to the mechanical sufficiency of the window or its construction. Whether it was guarded by a windshield, screen or other protector is beside the point. It was not and yet it was left open. We must again, on these motions, hold, as in our earlier opinion when the case came forward on exception, that conceding it was a hot day and proper ventilation was necessary, it was "for the jury to determine as a fact whether the defendant, in permitting this window to remain open, observed that degree of care with which the defendant as a common carrier was chargeable. Could it reasonably have anticipated peril to its passenger and likely injury to her from its

failure to close the window in operating its bus at such a speed and creating thereby such a draft as likely to suck into the bus small objects, whether insects or otherwise, that might be in the air immediately in front of the open window? . . . We cannot say that as a matter of law there was observance of such care. It was a factual question for the jury's determination."

There is no claim made that the damages awarded were excessive. The jury has passed upon the facts and rendered their verdicts. We find no sufficient ground for setting them aside. In each case, the entry is

*Motion overruled.*