REID vs. THE CENTRAL RAILROAD AND BANKING COMPANY.

A nonsuit was properly granted. So far as the testimony shows, the rope furnished plaintiff (a well-digger by occupation) by the defendant, for the purpose of cleaning out the well in question, and by the breaking of which the plaintiff was injured, was a good rope. It was carefully examined by both the plaintiff and the overseer of the road, and there was no defect in it which could be discovered by the use of ordinary care. There was no negligence shown by the testimony on the part of plaintiff or defendant; both parties pronounced the rope good. It appears from the evidence to have been one of those accidents which could not have been foreseen, so as to have been provided against by either party.

January 23, 1889.

Master and servant. Negligence. Accidents. Nonsuit. Before Judge GUSTIN. Houston superior court. April term, 1888.

Reported in the decision.

JOHN P. ROSS, for plaintiff.

LYON & ESTES, for defendant.

SIMMONS, Justice.

Reid sued the Central Railroad and Banking Com-

pany for injuries which he sustained while in their employment. It appears that he was employed by the defendant to dig and clean out wells along the line of the road. On one occasion he was ordered to clean out a certain well, and it appears that the rope which had been furnished to him was not long enough to reach the bottom of the well, and, the road overseer obtained a rope, which the plaintiff tied or spliced on to the rope he already had. He testified that the road overseer told him the rope was a good one, that he had obtained it from the company for that well, and that it had been used there for about a year; that he (plaintiff) replied that if the rope was good at first and was only a year old and had been taken care of, it was a good rope; that the overseer told him it had been taken care of; and that he told the overseer that if that was so, it ought to be a better one than the one he (plaintiff) had. The one plaintiff had was a two-inch rope, and the one the overseer furnished was an inch and a half. He used the rope for two days in cleaning out the well, and about dark on the second day, when he was being drawn out by the servants of the defendant, the rope which had been furnished him by the overseer broke, and he fell into the bottom of the well, injuring himself severely. He said he had been engaged in the occupation of well-digging for twenty-eight years, and had been handling well-ropes for that length of time; that he had examined carefully the rope that broke, and thought it was a good rope and sufficient for the work he had been sent to do; that in his judgment, he had a better opportunity to know how good a rope it was than any one else, for he tried to examine it carefully. The overseer examined it carefully also; he and the overseer together spliced it; and when they had done so, he was satisfied it was a good rope; otherwise he would not have gone

down on it.   The morning of the day he got hurt, he examined the rope again, and was satisfied with it.   Under this evidence, the court, on motion of the defendant's counsel, granted a nonsuit, to which plaintiff excepted.

We think the court was right in granting this nonsuit.   So far as this testimony discloses, the rope furnished this plaintiff by the defendant for the purpose of cleaning out the well, was a good rope.   It was carefully examined, both by the plaintiff and the overseer of the road, and there was no defect in it which could be discovered by the use of ordinary care.   There was no negligence shown by the testimony on the part of the defendant or of the plaintiff.   Both parties pronounced it good.   It appears from the evidence to have been one of those accidents which could not have been foreseen, so as to have provided against the accident, by either party.

Judgment affirmed.