Hardwick *v.* The Georgia Railroad and Banking Co.

The declaration showing on its face that the injury was not caused by negligence, but was purely · accidental, there was no error in sustaining the demurrer and dismissing the action.
May 9, 1890.

Railroads. Negligence. Before F. C. Foster, Esq., judge *pro hac vice.* Newton superior court. September term, 1889.

Hardwick sued the railroad company for damages. The material allegations of the declaration were as follows: On February 5, 1888, plaintiff, in company with his minor son, who was under his employment, control and oversight, boarded defendant's night passenger-train at Madison station, having tickets purchased from defendant. The conductor collected plain-

tiff's fare to Conyers station and the fare of his son to Almand station; his son at the same time telling the conductor to stop the train at Almand, where he wanted to get off. But the train ran past that station at the usual speed, fifteen to twenty miles per hour, making no effort to stop, though this was a usual place to take on and discharge passengers. Not wishing to be carried by in this manner, especially as it was dark, plaintiff's son arose and went forward on the train in search of the conductor, in order that the train might be stopped for him to get off. About this time the conductor approached and passed plaintiff from behind, going through the rear door of the coach and leaving it open. As he passed, plaintiff asked him why he did not stop the train to let young Hardwick get off as he had been directed to do. Receiving no reply and the door being open, plaintiff arose and went to the door, naturally feeling great anxiety for the safety of his son under the circumstances. Just as he reached the door, the conductor, without any notification whatever, seized a rope and gave it a strong jerk, causing the train to come to a sudden and violent stop. Plaintiff naturally threw his left hand against the facing of the door for support and to keep from falling, and a part of his left forefinger was caught between the door and the facing, and a portion of it was thus entirely cut off. The train was not stopped until it had passed the station about four hundred yards above where plaintiff's son got off. The defendant was negligent in not stopping the train at the proper place and in making no effort to do so, and in stopping so suddenly and recklessly at the place where it did stop; and in not propping or fastening the door back so that it would not shut while passengers were alighting; and in not replying to plaintiff's question asked of the conductor. On account of this negligence and without fault on the part of plaintiff or his

son, plaintiff has been seriously wounded and maimed for life, from which he suffered intense pain, was put to expense for doctor's bills, etc., and has been permanently injured.

On general demurrer the action was dismissed, and the plaintiff excepted.

E. F. EDWARDS and L. L. MIDDLEBROOK, for plaintiff.

J. B. CUMMING and J. M. PACE, by brief, for defendant.

BLECKLEY, Chief Justice.

The substance of the declaration is set out in the official report. We concur with the court below in thinking that it sets forth no cause of action. The failure of the company to stop the train at the station was, it is true, negligence and a violation of duty; but that and the plaintiff's injury were not related to each other as cause and effect. Leaving the door of the car open whilst the train was in motion was not negligence. For, as matter of general information, it is known to all travelers that the doors of passenger-cars can be left open temporarily, without exposing passengers to unusual danger. Nor was it negligence for the conductor to stop the train suddenly, in order to repair as speedily as possible the error he had committed in passing the station without stopping. Although the plaintiff's injury resulted from the stopping of the train and the fact that the door was open, yet it seems to have been a pure accident; for no such thing would have happened if the plaintiff had not chanced at the moment to be standing near the door, instead of occupying one of the seats in the car. His exposed position was not known to the conductor, or at least it is not alleged to have been known. Taking the declaration as true, the injury was an accident, and courts, in the present state of the law, must recognize accidents as such, even when they occur upon railroads. *Judgment affirmed.*