### 5544. WILLIAMS *v.* ALABAMA GREAT SOUTHERN RAILROAD CO.

1. Ordinary diligence requires a master to furnish to his servant appliances reasonably suited for the uses intended; but the law does not exact extraordinary diligence by requiring of the master that instrumentalities intended for one use should be safe for every unintended use to which they might be casually or unexpectedly applied. And the master is not chargeable with negligence either because an appliance fails to serve a purpose not intended or because the instrumentality was not inspected so as to discover whether it was suited for such unexpected and unintended use. The injury must be attributed to the fault of the servant when he is hurt by using a lamp for a handhold.

2. In the exercise of his right to subject witnesses against him to thorough and sifting cross-examination, a party has the right to exhibit to a witness upon the stand a photograph or any other visible or tangible article which is relevant to the issue; and in passing upon a motion for nonsuit the court may consider the testimony of the witness with reference to the photograph or other pertinent object, although it may not have been formally tendered or introduced in evidence.

3. The evidence failed to sustain the allegations of negligence set out in the petition, and therefore the court did not err in awarding a nonsuit at the conclusion of the evidence for the plaintiff.

DECIDED FEBRUARY 3, 1915.

Action for damages; from city court of Atlanta—Judge Reid. January 21, 1914.

*Hewlett, Dennis & Whitman,* for plaintiff.

*McDaniel & Black, E. A. Neely,* for defendant.

RUSSELL, C. J. 1. The negligence upon which the plaintiff predicates his claim for damages is that the engine on which the plaintiff was working was not equipped with handholds for use by the firemen in going from his cab toward the front of his engine in order to light the headlight; that, in the absence of these handholds, there projected from the engine a certain piece of iron upon which was usually placed a light, the top of which was used by the defendant's servants as a handhold and as a means of moving around in front of the engine for the purpose of lighting the headlight, no handhold being furnished by the defendant upon the front of the engine; and that in using this pilot light to steady himself (as he went to return to the cab after lighting the light), the top thereof broke off, and he fell from the engine to the ground, and thereby sustained the injuries complained of. The evidence produced by the plaintiff fails to sustain the allegations of negligence set out in his petition. On the contrary, instead of proving

that the defendant had failed to equip the engine with sufficient handholds for the firemen in performing their duty of lighting the headlight, or that the pilot light was intended to be used as a handhold by its employees, or that it was customary for them to use it, the plaintiff himself testified that he could not be sure whether the handholds ran clear around the engine as far as they ought to have gone or not. Conceding that it was the duty of the defendant to have supplied proper handholds, the testimony does not show that the lamp which the plaintiff seized to keep himself from falling was designed or supplied by the master to be used for that purpose, and the photograph of engine No. 215, which the plaintiff identified upon his cross-examination, and which is in the record, shows that a handhold runs practically around the entire path taken by the plaintiff at the time he fell. The plaintiff was not entitled to a recovery upon his testimony that "I don't remember any handholds on 215 going around and up over the top of the boiler. I remember that the handhold did start back at the cab going up towards the front. As to whether there was a handhold right below the lamp on the side of the engine, I will be frank, I can not tell. I didn't take and examine the engine, and it has been so long I can't say at this time." If the engine was equipped with proper handholds, then it was the duty of the plaintiff to use them for the purposes for which they were designed, and not to use the pilot light for a purpose for which it was not intended. Ordinary diligence requires a master to furnish to his servant appliances reasonably suited for the uses intended; but the law does not exact extraordinary diligence by requiring of the master that instrumentalities intended for one use should be safe for every unintended use to which they might be casually or unexpectedly applied. And the master is not chargeable with contributory negligence either because an appliance fails to serve a purpose not intended, or because the instrumentality was not inspected so as to discover that it was not suited for such unexpected and unintended use. The injury must be attributed to the fault of the servant when he is hurt by using a mere lamp for a handhold. *Hamilton* v. *Railroad Co.*, 83 *Ga.* 346 (9 S. E. 670); *Quirouet* v. *Alabama Great So. R. Co.*, 111 *Ga.* 315 (36 S. E. 599); *Babcock Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (48 S. E. 438).

2. It is insisted in the bill of exceptions that the court should not have allowed the defendant's counsel to exhibit to the plaintiff

and to cross-examine him as to certain photographs of locomotive engines, including engine No. 215 (which was the engine from which plaintiff fell and .was hurt), the contention being that the photographs had not been introduced in evidence. The photographs were properly used to aid in the examination of the witness as any other exhibit or diagram would be used. In the exercise of his right of thorough and sifting cross-examination, a party has the right to exhibit to a witness upon the stand a photograph or any other visible or tangible article which is relevant to the issue, and in passing upon a motion for nonsuit the court may consider the testimony of the witness with reference to the photograph or other pertinent object, although it may not have been formally tendered or introduced in evidence.

3. The court committed no error in sustaining the motion of defendant's counsel for a nonsuit upon the close of the plaintiff's testimony, since the evidence for the plaintiff failed entirely to sustain the allegations of negligence set out in the petition. See *Kelly* v. *Strouse,* 116 *Ga.* 882 (43 S. E. 280) ; *Box* v. *Atlantic & Birmingham R. Co.,* 120 *Ga.* 1050 (48 S. E. 427), and citations.

Judgment affirmed. *Broyles, J., not presiding.*