(89 South. 273)

### SMITH v. BRADLEY. (6 Div. 284.)

(Supreme Court of Alabama. May 19, 1921.)

Carriers ☞339—Street car passenger's fall, when gate on which she had her hand suddenly opened, attributable to her own act.

Any fault of carrier's machinery or employees in only partially opening gates of street car when stopped for passengers was not a proximate cause of fall of a passenger, who, in alighting while the car was standing still, put her hand on a gate for support or to widen the space, whereupon they suddenly opened, causing her to fall; but her fall was attributable to her own act.

Appeal from Circuit Court, Jefferson County; Horace C. Wilkinson, Judge.

Action by Beatrice L. Smith against Lee C. Bradley, as receiver of the Birmingham Railway, Light & Power Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Robert J. Wheeler and W. K. Terry, both of Birmingham, for appellant.

The court erred in directing a verdict for the defendant, as many jury questions were presented by the evidence. 67 Ala. 16; 7 Ala. App. 608, 61 South. 42; 90 Ala. 60, 8 South. 86, 24 Am. St. Rep. 761; 92 Ala. 291, 9 South. 410, 13 L. R. A. 95; 57 Hun, 452, 10 N. Y. Supp. 636.

Tillman, Bradley & Baldwin, of Birmingham, for appellee.

No brief reached the Reporter.

McCLELLAN, J. Action by appellant, a passenger, against the appellee, a common carrier, for damages for personal injuries suffered by appellant as she alighted at her destination from a standing street car. At the request of the defendant, the court gave the general affirmative charge for the defendant. That instruction is the only ruling assigned for error.

The car on which plaintiff was a passenger came to a full stop, was still, at the point she desired to alight. The vestibule of this car had gates or doors that were mechanically operated to open to allow passengers to leave the car's vestibule. Plaintiff, to state her version, found the doors only partially open, making an opening not wide enough for her to pass out in the usual way, when she approached this place of exit. She put her hand lightly upon the thus partially opened door or gate, whereupon it suddenly flew entirely open, causing her to fall to the street and injuring her. The evidence is undisputed that the car was stationary, and that no employee moved the gate or door. The only possible explanation of the sudden opening or movement of the gate or door, to which plaintiff's evidence refers, is that plaintiff herself moved it by putting her hand on it for support or to widen the space for her exit. Under the evidence the plaintiff's fall was alone attributable to her own act. If it should be assumed that the gates or doors were only partially open when she started to alight, and also that there was fault in defendant's machinery or employees in not opening them entirely for plaintiff's exit at her destination, those circumstances (assumed for the occasion only) bore no legal causal connection with, affording essential proximate cause for, her fall under the conditions she herself described. Her loss of balance and consequent fall resulted, manifestly, from her reliance upon an obviously unstable thing. The decisions of this court affirming culpability of carriers in cases where a passenger was injured as the proximate consequence of a sudden movement of cars furnish no analogy of service in this instance. Colwell v. Manhattan Ry. Co., 57 Hun, 452, 10 N. Y. Supp. 636, is likewise inapplicable. There the passenger was injured by the shutting of doors caused by the jar of the train. Here the passenger herself moved the gate or door, and fell in consequence.

On the evidence the defendant was due the instruction given. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes