12779.    BOWDEN *v.* VIRGINIA-CAROLINA CHEMICAL COMPANY.

HILL, J.   1. The negligent act alleged and proved which injured the plaintiff was that of a fellow servant engaged in the same business, for which the common master is not responsible, except in cases of railroad companies. Civil Code (1910), § 3129.

2. The plaintiff and other employees, who were .throwing lead out of the upper windows, and the foreman, wno instructed them to do so, were all in the same service. Under the rulings of the Supreme Court in *Moore* v. *Dublin Cotton Mills,* 127 *Ga.* 609 (56 S. E. 839, 10 L. R. A. (N. S.) 772), and *Brush Electric Light Co.* v. *Wells,* 110 *Ga.* 192 (35 S. E. 365), the foreman was only a fellow servant. Besides, the order of the foreman to the employees was not the proximate cause of plaintiff's injury, but the negligent manner in which the order was executed by these employees.

3. The court did not err granting a nonsuit.

       *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
                       DECIDED MARCH 20, 1922.

Action for damages; from city court of Macon — Judge Gunn. June 28, 1921.

Bowden sought to recover for personal injuries received in the course of his employment. The trial court awarded a nonsuit and he excepted. The petition alleged that the plaintiff was employed by the defendant as a lead burner, in the repairing of lead-tanks in its plant, and that while so engaged, under the express orders of one designated as the vice-principal or alter ego of the defendant, he was injured by a piece of lead, weighing approximately 200 pounds, falling upon him from a five-story building. By amendment he alleged that while engaged in the scope of his duties, and while going to answer the roll call in obedience to instructions of the superintendent, alter ego, or vice-principal of the defendant, he was injured as described. From the evidence it appears that the plaintiff had been employed by the defendant for a number of years as a fireman. On the day of his injury he was ordered to assist a lead burner in repairing the lead-tanks of the defendant.. This work was completed early in the day, and the plaintiff, without further instruction, proceeded to gather up the tools which had been used inside the building, and placed them behind the rear door, inside the building. This was his usual and regular work. The whistle blew at 4 o'clock as a signal for the employees, including the plaintiff, to report in front of and inside the building, for roll call. He opened the back door, stepped out in the yard at the back of the building, and was about to go around the building

in order to get in front to answer roll call. After getting outside the building and proceeding to the front he was injured by a piece of lead falling upon him from the third floor. This lead was thrown down from the upper-story window by a co-employee, who was doing so in obedience to the orders of the same foreman who had ordered the plaintiff to assist the lead burner. No lead had ever before been thrown out on that side — "they throwed it out on the other side, next to the street." The plaintiff did not know they were throwing lead out on that side, and on this occasion was not in any way warned of the danger. At the conclusion of the evidence for the plaintiff the defendant moved for a nonsuit, on the ground, among others, that the negligence, if there was any, was that of a fellow servant, for which the master was not responsible.

*John R. Cooper, W. O. Cooper Jr., E. W. Butler*, for plaintiff.
*Jones, Park & Johnston*, for defendant.