15911.  McClain *v.* Seaboard Air-Line Railway Company.

Bell, J.  In this action by a servant against his master, in two counts, one of which was under the Federal employer's liability act, the petition alleged: that the plaintiff was employed as a pipe-fitter's apprentice, with the duty of assisting pipe-fitters in the removal of pipes from locomotives when the locomotives were to be repaired; that acting under the order of his foreman, he undertook to remove a "union" from the branch pipe of a certain locomotive by striking it with a chisel and hammer furnished him by the foreman for that purpose, and that upon striking the chisel with the hammer a piece of iron "chipped or peeled" from the union and flew into the left eye of the plaintiff, completely destroying the sight thereof; that the union "was defective, and that the same was not sound, nor was it fitted for said work; the same was too soft, which made it brittle, fragile, and unsuitable for such work, and, when struck with a hammer and chisel in an ordinary manner, would crumble and shell or peel off;" that the plaintiff did not know of the defects and could not have discovered the same by ordinary care, but that the defendant master "knew that said union was not sound, and was defective, and unfitted for said work; and that defendant well knew that said union was insufficiently tempered, which made it brittle, fragile, and unsuitable for such work, or in the exercise of ordinary care should have known the same." *Held:*

1. The allegation that the plaintiff was directed by "his foreman" to remove the union in the manner alleged is insufficient, without more, to show that the person described as his foreman was a vice-principal,

or the alter ego, of the company. *Moseley* v. *Schofield's Sons Co.*, 123 *Ga.* 197 (2) (51 S. E. 309); *Bowden* v. *Virginia-Carolina Chemical Co.*, 28 *Ga. App.* 402 (2) (111 S. E. 210), and cases cited.

2. The petition, when construed most strongly against the pleader, fails to allege that the union was defective or unsuitable as an adjunct of the pipe, for which use it was originally intended, and merely avers that because of the character of the material it would "crumble and shell or peel off" when struck in an ordinary manner with a hammer and chisel, and that the defendant ought to have known thereof, the allegations amounting to a charge of implied notice only. *Thomas* v. *Georgia Granite Co.*, 140 *Ga.* 459 (79 S. E. 130).

3. "Ordinary diligence requires a master to furnish to his servant appliances reasonably suited for the uses intended. But the law does not exact of the master the extraordinary diligence which would be demanded if it were required that instrumentalities intended for one use should be safe and suitable for every unintended use to which they might be casually or unexpectedly applied. If one is not chargeable with negligence because an appliance fails to serve a purpose not intended, neither is he chargeable with negligence because he has omitted to inspect so as to discover that it was not suited for such unexpected and unintended use." *Babcock Brothers Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (48 S. E. 438).

4. It not being alleged that the union was unsuitable for the purpose for which it was originally intended as an adjunct of the pipe and it not appearing that the defendant master knew that it would reasonably be struck in the manner alleged, or at all, in order to remove it, the foreman, so far as appears being only a fellow servant, it is not shown that the defendant was under a duty to know that the union would be put to such use. *Cedartown Cotton & Export Co.* v. *Miles*, 2 *Ga. App.* 79 (58 S. E. 289). In such a case, where it is sought to hold the master liable as for negligence in failing to know, or to warn of, the alleged defect, a charge of implied notice is not sufficient; otherwise where preliminary facts raising the duty of knowledge have been set forth. *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507 (2 *a*) (116 S. E. 57), and cases cited.

5. The petition failed to show any negligence by the defendant, and the general demurrer thereto was properly sustained.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 19, 1925.    REHEARING DENIED SEPTEMBER 16, 1925.

Action for damages; from city court of Atlanta—Judge Reid. September 6, 1924.

Application for certiorari was denied by the Supreme Court.

*Thomas J. Lewis*, for plaintiff.

*Randolph, Parker & Fortson*, for defendant.