E. S. CRABTREE, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.*

In the Springfield Court of Appeals.    Opinion filed July 1, 1925.

1.  CARRIERS: Pleading: Negligence: Specific Acts of Negligence: Where Negligence Charged in Petition Based upon Specific Acts of Negligence, Recovery Must be Based on Acts Pleaded. In action by passenger on train of defendant company for injury to hand by closing of toilet door of railway coach, due to lurch of train, where acts of negligence alleged were careless running of train and allowing door to stand open, it was error to permit plaintiff to testify, over defendant's objection, that there was no felt on the inside of the door, and that there was no air service on the door; the rule being settled that where plaintiff chooses in his petition to base his cause of action upon certain specific acts of negligence, the law places the burden of proving such negligence upon him, and he may recover only upon the specific acts of negligence pleaded.

2.  CARRIERS: Negligence: Res Ipsa Loquitur: Carrier Not Liable for Injury, Caused by Sudden Closing of Door of Toilet on Coach, Merely Through Fact That Door was Left Open. Carrier held not liable for injury to passenger, caused by sudden closing of toilet door of coach, due to lurch of train, on theory that to allow door to remain

open constitutes negligence; doctrine of *res ipsa loquitur* not being applicable to pleadings or proof in case, and there being no charge that there was a duty to keep the door shut, or that it was out of repair in this particular; it being matter of common knowledge that car doors may be left open without exposing passengers to unusual dangers.

---

*Headnotes 1. Carriers, 10 C. J. Sections 1421, 1425. 2. Carriers, 10 C. J. Sections 1381, 1426; Evidence, 23 C. J. Section 1826 (Anno).

Appeal from the Circuit Court of Crawford County.— *Hon. W. E. Barton,* Judge.

REVERSED.

*W. F. Evans, E. T. Miller,* of St. Louis, *Mann & Mann,* of Springfield, and *Frank H. Farris,* of Rolla, for appellant.

(1) The plaintiff was permitted to testify that there was no felt or any other lining on the inside of the jamb of the toilet door; that there was no air service appliance attached to said door; and that the train was running forty to forty-five miles per hour. Neither the condition of the toilet door, and the failure to have thereon any kind of safety appliance, nor the speed of the train was pleaded by the plaintiff as negligence of the defendant, and as the proximate cause for his injuries. By the admission of this testimony, new issues were raised, and the proof broadened the issues beyond the limit of plaintiff's petition. The proof must be confined to the negligence raised and pleaded in the petition. And this testimony, clearly inadmissible, went to the jury over appellant's objections and exceptions. McManamee v. Missouri Pacific Ry. Co., 135 Mo. 447; Hearon v. Lumber Co., 224 S. W. 69; Pate v. Dumbauld, 250 S. W. 52, and cases cited; West v. Hollady, 196 S. W. 404, and cases cited; Allen v. Transit Co., 133 Mo. 436. (2) The instruction offered by the appellant in the nature of a demurrer to plaintiff's evidence offered at the close of

plaintiff's case should have been given. The facts shown did not authorize a recovery under the law. Christensen v. Oregon Short Line R. R. Co., 35 Utah, 137, 99 Pac. 676, Negligence Compensation Cases, Vol. I, page 232; Hardwick v. Railway, 85 Ga. 507, 9 Am. Neg. Cases 193; Skinner v. Wilmington & W. R. Co., 128 N. C. 435; Murphy v. Atl. & W. P. Ry. Co., 190 Mass. 250; Shine v. N. Y., N. H. & H. Ry. (Mass.), 128 N. E. 713, Vol. 20, Negligence and Compensation Cases Annotated, page 280; Hunt v. Boston and Maine Elevated Ry., 201 Mass. 182, 87 N. E. 489; Creason v. Railway, 149 Mo. App. 228; Daniels v. Railway, 181 S. W. 599; Spurling v. Lumber Co., 220 S. W. 708. The evidence in this case shows that the injuries to plaintiff were an accident and therefore there was no liability on the part of the appellant. Tracey v. Boston Elevated Railroad, 217 Mass. 569, 105 N. E. 351. A railroad company is not bound to prevent the doors of its coaches, after being opened by others, from closing when its train is in motion. In such a case the rule of *res ipsa loquitur* does not apply. Shanghnessy v. B. & M. Railroad, 110 N. E. 962. The rules above announced are further supported in the case of Hines v. Boston Elevated Railroad, 198 Mass. 346, 84 N. E. 475. The case at bar is very much like the case of Hunt v. Boston Elevated Railroad, 201 Mass. 182, 87 N. E. 489, and to us it seems that the rules announced in that case are decisive of this one, and if so then the plaintiff's testimony did not make a case against the appellant. See, also, the case of L. Hommedieu v. Delaware, L. & W. Railway, 101 Atl. 933 (Supreme Court of Pennsylvania). (3) The court erred in giving instruction No. 3 on the part of the plaintiff. There was no evidence upon which to base it. The mere leaving the door of the toilet open was not negligence. The rule *res ipsa loquitur* does not apply. Negligence cannot be presumed from the fact that the toilet door was open. There was no evidence that the train was negligently and carelessly managed, and no evidence from which such negligence might be presumed. The instruction is erroneous from the further

fact that the court, in substance, tells the jury that the defendant was guilty of negligence. Stumpf v. United Rys., 227 S. W. 854, and cases cited; Waller v. Graff, 251 S. W. 634, and cases cited; Allen v. Transit Co., 186 Mo. 433 and 434, and cases cited; Leimbach v. United Rys., 227 S. W. 848. See, also, cases under point 2.

BAILEY, J.—Defendant has appealed from a judgment in the sum of three hundred dollars ($300) obtained by plaintiff on trial before a jury for personal injuries received by plaintiff while a passenger on defendant's train. Respondent has not favored us with a brief. The petition in this case, after formal averments, charges that plaintiff, while riding in a passenger coach on defendant's train from St. Louis to Bourbon, Missouri, started to the toilet which was in the train on which plaintiff was riding, and that when he attempted to get in, he had to unfasten the coach door, put his hand on the inside of the door facing on the toilet entrance, the door to which was standing open, and that "defendant's agents and employees so negligently and carelessly handled the running of the train and managing of said train that said toilet door closed on plaintiff's hand and bruised and mutilated his hand so that blood-poison set in." It is further charged: "That defendant negligently and carelessly allowed said toilet door to stand open, which was dangerous when the train was swaying or rocking, as the door was closed on plaintiff's hand with great force and plaintiff was damaged thereby."

The answer was a general denial and a plea of contributory negligence. The evidence, which is very brief, indicates that plaintiff started for the toilet in the West end of the coach, the door to which was standing open, and that the coach door was open back over the entrance to the toilet and that he could not get in without pushing the coach door out; that he took hold of the coach door to push it out while the toilet door was swinging loose; that the train lunged around a curve and he grabbed the door jamb at the entrance to the toilet and the toilet

door slammed shut, catching his fingers, causing the injury.

Plaintiff was permitted to testify over defendant's objection, that there was no felt or anything of that kind on the inside of the toilet door; also that there was no air service on that door. This is assigned as error. We believe the assignment of error well taken. No such negligence is pleaded. Plaintiff's petition charges negligence in only two particulars, namely: That defendant's agents and employees negligently and carelessly handled the running of the train and negligently and carelessly allowed the toilet door to stand open. The rule is well settled that where plaintiff chooses in his petition to base his cause of action upon certain specific acts of negligence, as in this case, the law places the burden of proving such negligence upon him and he may recover only upon the specific acts of negligence pleaded. [Pate v. Dumbauld, 250 S. W. 52; McManamee v. Mo. Pac. Ry. Co., 135 Mo. 440, 37 S. W. 119.]

Plaintiff was also permitted to testify as to the rate of speed the train was going. The testimony was competent, but plaintiff failed to prove the speed at which the train was run was negligent and under the view we take of the case, the evidence becomes immaterial.

Defendant assigned as error the refusal of the trial court to sustain defendant's demurrer to the evidence at the close of plaintiff's case. Defendant offered no evidence. We believe this question should be disposed of, although the cause might be reversed and remanded on the admission of improper evidence heretofore set out. The liability of a railroad for injury to a passenger caused by the sudden closing of car doors on such passenger's fingers has been considered in several cases. In Madden v. Mo. Pacific Railway Company, 50 Mo. App. 666, the plaintiff, while a passenger on defendant's train, arose from her seat when her station was called, but before she could get off, the train started again and then suddenly stopped on signal from a brakeman; she had at that time reached the door of the car and was standing

with one foot on the threshold, the other on the platform; the sudden stoppage of the train caused her body to sway toward the door, against the jamb of which she placed her hand to steady herself; just at this time the car door closed and caught her fingers; she knew the door was not fastened and that it was open when she went through; that it was an ordinary door swung on hinges. The judgment was reversed on error in an instruction on the measure of damages. The court held, however, the sudden stoppage of the train, standing alone, was not negligence, but negligence in starting the train before plaintiff had time to alight was sufficient to make defendant liable. No negligence was charged against defendant in leaving the door open, so that it could swing shut, but the appellate court, in reversing the case, stated that it would be competent for the trial court to allow plaintiff to amend her statement so as to predicate negligence upon the act of defendant in leaving the door open so that it could swing shut.

In Daniels v. St. Louis, I. M. & S. R. Co., 181 S. W. 599, recovery was had for injuries sustained by reason of the car door suddenly shutting on a passenger's fingers. The door was fastened back, but the sudden checking in the speed of the train, which was the negligence charged, caused the door to become released from the catch used to hold it open and close on plaintiff's hand.

In Creason v. St. Louis, I. M. & S. R. Co., 149 Mo. App. 223, 130 S. W. 445, recovery was allowed where a passenger, in closing a door to a baggage car, which he had entered for the purpose of disposing of his baggage, was injured by pulling the door shut after him. The negligence alleged and proven was based on the fact that the door was so constructed that there was not sufficient room to pass the fingers between the door knob and the door casing, which condition caused the injury upon the closing of the door by plaintiff.

In the case of Anderson v. Kansas City Railway Company, 292 Mo. 1, in which an opinion by the Kansas City Court of Appeals was adopted by our Supreme

Court, the evidence disclosed that there was a vestibule in the center of an interurban car with swinging doors communicating with the back and forward compartments. One of the swinging doors, separating one of the compartments from the vestibule platform, was fastened back at right angles with the vestibule, by means of a spring attached to the bottom of the door and was kept open while the car was being operated; plaintiff's wife was a passenger and undertook to alight from the car, and as she reached the vestibule platform, placed her hand on the door jamb in order to steady herself and immediately the door closed, crushing her fingers. It was held that defendant was negligent under the doctrine of *res ipsa loquitur.*

In support of its demurrer appellant's counsel cites the case of Christensen v. Oregon Short Line R. R. Co., 35 Utah, 137, 99 Pac. 676. The facts in the Christensen case were somewhat similar to those in the Anderson case (supra). The latter case, in commenting on the Christensen case and another similar case uses this language: "In both cases there was no positive evidence that the door was pushed back where it would be securely fastened by the catch, if a good one. There was evidence in this case, already stated, that the defendant kept the door opened and caught back, all the time the car was in use. The conductor's station was in the vestibule. He stood practically at the door itself and it must have been under his eye practically all the time. It was held under the evidence in those cases that the inference of negligence, if any, arising from the closing of the door, was overcome as a matter of law by defendant's evidence. This is not the rule in this State. Under our decisions it is within the exclusive province of the jury to pass upon the credibility of the witnesses, and it may refuse to believe any witness or witnesses."

We do not believe, however, that any of the Missouri cases cited can be said to contain the same situation as developed in the case at bar. The doctrine of *res ipsa*

loquitur is not applicable, for the reason plaintiff's petition charges two specific acts of negligence and moreover, the proof leaves nothing for the application of that doctrine. The cause of the slamming of the toilet door was definitely settled. There was no catch or stop that might be considered out of repair. We have here the undisputed facts that the toilet door was open, and that the speed of the train, in rounding a curve, caused it to close on plaintiff's hand. No charge is made that it was defendant's duty to provide a check or air service on the toilet door. Can it be said that the simple fact a toilet door on a passenger coach happens to be left open is an act of negligence of the railroad company, where an able-bodied adult passenger is injured by the sudden closing thereof as in this case?

It has been held that a carrier is not guilty of negligence in simply leaving a car door open whereby injury results to a passenger, as it is a matter of common knowledge that car doors are used, not only by the servants of the carrier, but by passengers, and that. doors may be left open without exposing passengers to unusual dangers. [Hardwick v. Georgia, R. & B. Kg. Co., 11 S. E. 832; Weinschenk v. N. Y., N. H. & H. R. Co., 76 N. E. 632; Brehm v. Atchison, T. & S. F. R. Co., 206 Pac. 868, 25 A. L. R. 1056; Merton v. Michigan C. R. Co., 137 N. W. 767.]

The Madden case (supra), decided by the St. Louis Court of Appeals, seems to hold to the view that the fact that the outside car door was left swinging open could be made the basis of negligence on the part of the railroad, but that point was not directly before the court in that case, and if it were, we think there is a distinction between the outside door to a car and the toilet door. The toilet is placed there under a mandatory law for the benefit and convenience of passengers. It is used by them continually while the train is in motion, and as a matter of common knowledge, such toilets are not permitted to be used except when the train is mov-

ing. If a railroad company is responsible for the door of a toilet being left open under such circumstances, then, as has been well said, it would require the presence of a man at each toilet door to see that passengers were not injured by the door being left ajar. This is manifestly absurd, and we do not think negligence can be predicated on such a hypothesis.

The judgment should be reversed. It is so ordered.

*Cox, P. J.*, and *Bradley, J.*, concur.