16956.   FISHER, next friend, *v.* GEORGIA NORTHERN RAILWAY CO.

1. In a suit for personal injuries by a servant against his master liability can not be predicated upon the worn and defective condition of an instrument with which the servant was working when it appears that such a condition in no way proximately contributed to the injury.
2. A petition, when considered on demurrer, is to be construed most strongly against the pleader. In this action by an employee against a railroad company for a personal injury which the plaintiff claims to have received as a result of an act of a fellow servant the act was not shown to be negligent, and there was no reason for holding the master liable therefor.
3. The court did not err in sustaining the general demurrer to the petition.
   DECIDED SEPTEMBER 18, 1926. REHEARING DENIED OCTOBER 2, 1926.

Action for damages; from Colquitt superior court—Judge W. E. Thomas. October 13, 1925.

*Titus & Dekle, DeLoache & McDonald, James L. Dowling,* for plaintiff.

*J. J. Hill,* for defendant.

BELL, J. This was a suit for damages for a personal injury. General and special demurrers to the petition were sustained, and the plaintiff excepted. The suit was by one as next friend for the person injured, but hereinafter the latter will be referred to as the plaintiff. The petition alleged: The plaintiff, Fisher, was employed by the defendant as a helper to its boiler-maker, John-

son. The plaintiff was injured while Johnson, with the plaintiff's help, was engaged in reaming holes in a boiler. The work was being done by means of a reamer attached to and propelled by an air-motor. The socket of the air-motor which retained the reamer was so worn that the reamer jumped out of it when subjected to the strain of the work in hand. Johnson replaced the reamer in the socket retainer and attempted to tighten or steady "the same by pressing it into said retainer with his hand, which is the usual method of placing said reamer into said socket," but, "being unable to make said reamer tight with his hand, the said Johnson struck the same with a machine hammer made of case hardened steel, said reamer being made of hard-tempered steel. When said hammer hit said reamer a small piece of steel chipped off of said reamer and flew into Fisher's left eye, completely destroying the sight thereof." The negligence complained of is the worn condition of the socket retainer of the air-motor and the act of Johnson, the boiler-maker, in striking the reamer with the hammer. On the latter point the petition alleged, "Said Johnson was negligent in hitting said steel reamer with said steel hammer, both of said tools being made of highly tempered steel; that said Johnson is a railroad machinist of long experience and knew or should have known that the sharp contact of said steel surfaces was likely to cause said small piece of steel to chip off and fly into the eye of said Fisher, only about two feet away." The following further allegations were made by amendment: "that at the time of said injury said Fisher was engaged in holding said air-motor as a helper to said Johnson, was under the instructions and control of said Johnson at said time and subject to his command as to the work he was doing and the manner in which it was to be done by said Fisher; and said Fisher had no discretion as to the manner of the performance of his duties;" and "that said Fisher had had little experience in connection with such work, having been employed by said defendant only a short time, approximately three months; that said Fisher had no knowledge of the manner of construction of said air-motor, had no knowledge of its defective condition, did not, and could not have anticipated the force with which said Johnson was about to hit said reamer with said hammer, nor that said small piece of steel would chip off and fly into the eye of said Fisher as a result thereof, the said Fisher not

knowing and having no means of anticipating the force with which said reamer would be struck with said hammer by said Johnson."

1. It is clear that the plaintiff can not recover because of the worn condition of the socket retainer. The petition fails to show that this condition was the proximate cause of the injury. Indeed, the contrary affirmatively appears.

2, 3. The injury occurred when the boiler-maker struck the reamer with the hammer, and the question is, does the petition show negligence in this act? It is not alleged that the hammer was defective, nor that there was any defect in the constituent material of the reamer. It is merely averred that they were both made of hard steel and that Johnson struck them together, when, from his experience, he knew or ought to have known that the "sharp contact of said steel surfaces" was likely to cause a piece of steel to chip off and fly into the eye of the plaintiff, about two feet away. Under the second specification the only negligence complained of is *an act*—the act of another employee. The defendant being a railroad company, the fellow-servant doctrine is inapplicable, and the plaintiff is not to be denied a recovery merely because he is complaining of an act of his fellow servant. See Civil Code (1910), §§ 3129, 4413. But it is necessary, of course, that he should allege negligence. If, after the futile attempt to remedy the situation with his hand, it was proper for Johnson to use the hammer in the manner shown, then certainly there was no negligence in his doing so. It is not alleged that the blow was accompanied with any considerable force, except that the contact was sharp; and while it is averred that the usual method of placing the reamer into the socket was by pressure with the hand, there is nothing to show that the stroke with the hammer was not a proper resort after the usual method had failed. The petition does charge in general terms that Johnson's act was negligent, but it is claimed to have been so only because the tools were both of highly tempered steel and because Johnson, as a machinist of long experience, knew or should have known that the sharp contact of the steel surfaces was likely to cause a piece of steel to chip off and fly into the plaintiff's eye. If the act was proper under the circumstances, it could not be negligent merely for the reasons stated. An act is not necessarily negligent because it may be attended with danger. Work performed by a person in a machine

shop may be dangerous to others standing near even though it is performed in a proper manner and with due care. The petition, when considered on demurrer, is to be construed most strongly against the pleader, and, in the absence of allegations to the contrary, it is to be assumed that Johnson's act was proper under the circumstances. In this view his act was not negligent, and whatever injury the plaintiff may have suffered in consequence was an ordinary risk of his employment which he assumed. Civil Code (1910), § 3131. The petition alleges that the plaintiff was inexperienced and did not know of the risks incident to such employment, but there is no allegation that either the defendant or its servant Johnson knew of this fact, or that there was any dereliction on the part of any one in failing to warn him of the danger.

Johnson was not the alter ego of the company although Fisher was only his helper. Under the allegations, especially those contained in the amendment, it appears that the two were engaged in the joint act of adjusting the appliance. The plaintiff was holding the air-motor and knew that Johnson was about to strike it with the hammer. Such knowledge is to be inferred, since there is no allegation to the contrary and since the petition avers merely that the plaintiff had no means of knowing or anticipating the force with which the reamer would be struck. The allegations of the amendment would seem to strengthen the conclusion that the plaintiff never intended to allege that the stroke with the hammer was in itself an improper act on the part of Johnson, and, as we have already pointed out, it is not alleged that the blow was attended with undue or unnecessary force.

Johnson's act not appearing to be negligent, the defendant could not be held liable for the injury resulting therefrom. But even assuming that the petition sufficiently alleges that the blow with the hammer was improper, it has been seen that the amendment discloses that the plaintiff was a party thereto and he could not recover from the master for an injury resulting from an unexpected and unintended use of the appliance to which he was a party equally with his fellow servant. *Babcock Lumber Co.* v. *Johnson,* 120 *Ga.* 1030 (48 S. E. 438). There is no similarity between the present case and *Maloy* v. *Port Royal R. Co.,* 97 *Ga.* 295 (22 S. E. 588), nor does it appear that there had ever been

any chipping off before, as in *Harvey* v. *Rome Scale &c. Co.*, 13 *Ga. App.* 571 (79 S. E. 487). Moreover, the latter case was one in which the only complaint was on account of a faulty instrumentality.

See further, in this connection, *Reid* v. *Central R. Co.*, 81 *Ga.* 694 (8 S. E. 629); *Ga. R. Co.* v. *Nelms*, 83 *Ga.* 70 (9 S. E. 1049, 20 Am. St. R. 308); *East Tenn. Ry. Co.* v. *Perkins*, 88 *Ga.* 1 (13 S. E. 952); *McCain* v. *Seaboard Ry. Co.*, 34 *Ga. App.* 86 (121 S. E. 876). Since the court was correct in sustaining the general demurrer, it is not necessary to examine the special demurrers.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*