## 18102.    HINKLE *v.* COONER.

BROYLES, C. J. 1. The amendment to the petition did not materially change the cause of action set forth in the original petition, and was properly allowed.

2. The admission in evidence of the extract from an ordinance of the City of Macon, as set forth in the motion for a new trial, was not error. The evidence authorized the jury to find that the ordinance had been violated by the defendant, and that such violation contributed to the injuries sued for. The case of *Fisher* v. *Georgia Northern Railway Co.,* 35 *Ga. App.* 733 (134 S. E. 827), cited by counsel for the plaintiff in error, is distinguishable by its particular facts from the instant case.

3. The excerpt from the charge of the court, complained of in the motion for a new trial, was not error for any reason assigned.

4. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JUNE 14, 1927. REHEARING DENIED JULY 14, 1927.

Action for damages; from city court of Macon—Judge Hall. March 25, 1927.

Miss Cooner was struck on the head and injured by an iron spike or bolt that fell from behind Dr. Hinkle's office sign in the City of Macon when a workman was trying to fasten the sign more securely to the wall. Before amendment her action for damages on account of the injury was against Dr. Hinkle and Dr. Rushin as a partnership and individually. The petition alleged, that the sign when originally installed was insecurely fastened to the wall by the defendants, in that it was fastened with only three spikes

Negligence, 29 Cyc. p. 606, n. 82.
Pleading, 31 Cyc. p. 407, n. 71; p. 414, n. 13; p. 416, n. 40.

instead of four,—that a spike which should have been fastened to the wall at one end of the sign and below it was never fastened, but got behind the sign and was negligently left there, and in this condition remained a menace to persons walking on the sidewalk, where the plaintiff was walking when the spike fell upon her; that the defendants were negligent in not preventing this dangerous condition and in allowing the spike to remain where it was; that in response to a demand of the building inspector of the city, the defendants, through their servant and agent, D. Davis, were undertaking to fasten the sign securely to the wall, it being loose at one end, when the spike fell on the plaintiff's head. It was alleged that the defendants, through their agent, were negligent in the handling of the sign when this work was being done, and in not warning the plaintiff or placing a guard or barrier on the sidewalk, and that in the original installation of the sign the defendants were negligent in failing to comply with an ordinance of the city, which required that "All signs shall be properly stayed, bolted, and anchored through the walls with proper supports of metal." By the amendment referred to in the decision the plaintiff struck from the petition the alleged partnership and Rushin, so that the suit proceeded against Hinkle individually; it was alleged that the sign was installed by Hinkle, that the offices where it was placed were then in his exclusive possession and control, that he placed Rushin in control of the offices as his agent and employee, that Rushin, pursuant to his authority as such agent and under the direction of the building inspector of the city, employed Davis to do the work mentioned above, and that Hinkle knew, or in the exercise of ordinary care should have known, that the sign was insecurely fastened and that the spike behind the sign was a source of danger to all persons using the sidewalk in front of the building. The amendment was allowed over the objection that it "materially changed the cause of action . . and should be disallowed as a matter of law;" and error was assigned on its allowance.

The ordinance referred to in the petition was admitted in evidence over the defendant's objection that it was irrelevant and incompetent, for the reason that there was no evidence that he violated the ordinance, and that there was no evidence from which it could legitimately be inferred that such violation caused or con-

tributed to the injury complained of. For the same reason the defendant, in his motion for a new trial, complained of the charge of the court to the effect that if the defendant failed to observe the provisions of the ordinance, and such failure caused or contributed, without fault of the plaintiff, to the injuries in question, that in itself would be negligence for which the plaintiff would be entitled to recover.

*Jones, Park & Johnston,* for plaintiff in error.
*Walter DeFore, James C. Estes, Charles H. Garrett,* contra.