## 21150. HUDGINS *v.* GEORGIA POWER COMPANY.

DECIDED JULY 20, 1931.

*Ralph G. Sims, Young H. Fraser,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright, Hugh Burgess,* for defendant.

BELL, J. S. K. Hudgins brought a suit against Georgia Power Company for personal injuries. The court sustained a general demurrer to the petition, and the plaintiff excepted.

The petition alleged substantially the following facts: The defendant is a common carrier of passengers by street-railroad. On February 21, 1930, the plaintiff was standing upon the right of way of the defendant at a named station and at a place upon the right of way designated for passengers to stand and wait for street-cars. The plaintiff was waiting with the intention of boarding a street-car, when a car traveling in the direction in which he desired to ride stopped at the station where he was waiting, and he assumed that this street-car had stopped for the purpose of taking on passengers. The car had doors at each end, but the doors were not opened for the purpose of admitting the plaintiff or others, although the plaintiff was standing in plain view of the conductor in charge of the street-car and there was ample space for additional passengers therein. When the plaintiff had waited a reasonable time for a door to open, and the door had failed to open within such reasonable time, he concluded that the conductor had failed to see him or to realize that a passenger desired to board the street-car. The plaintiff "then tapped lightly with his hand upon said door,

for the purpose of attracting the attention of the conductor in charge of said car," when the glass fell out of the frame and across the plaintiff's hand and wrist, causing the injuries sued for. The petition alleged that the "glass was insecurely fastened in the door frame and was of defective texture and fibre, and was of insufficient strength to withstand a light tap thereon for the purpose of attracting the attention of the conductor and for the purpose of letting the conductor know that petitioner desired to board said street-car;" and averred and specified that the defendant was negligent in the following particulars: "In failing to open the door of said street-car in order that petitioner might get aboard; in failing to maintain a safe approach to its street-car; in failing to maintain safe egress into its street-car; in maintaining a street-car with defective doors; in maintaining a street-car with glass insecurely set in the doors to its cars; in failing to exercise toward petitioner that degree of extraordinary care which was due toward a passenger; in failing to maintain in the doors of its street-cars glass of sufficiently strong fibre to withstand ordinary wear and usage; in failing to maintain in its doors glass of sufficient strength to withstand an ordinary tap thereon for the purpose of attracting the attention of its crew; in failing to open the door of its car so that the crew thereof could ascertain if a passenger was waiting to board said car; in stopping said street-car at a public passenger waiting station without exercising due care for the protection of passengers waiting thereon; in failing to provide, upon the outside of the door of said street-car, a cord or button or other device for the use of passengers in indicating to the crew their desire to board said street-car."

The court did not err in sustaining the demurrer and dismissing the petition. The petition alleged that the glass was defective in certain particulars, and for this reason was of insufficient strength to withstand the light tap made thereon for the purpose of attracting the attention of the conductor and of letting him know that the plaintiff desired to board the street-car as a passenger; but the petition fails to show that the glass was intended to be applied to any such use, or that it was defective for the purposes for which it was intended as a part of the door of the street-car. Presumably, the glass was intended only to furnish light and clear vision, and was expected to possess sufficient strength to withstand the ordinary

jar and vibration incident to the motion of the street-car and the opening and closing of the door for the receipt and discharge of passengers. The petition contains no allegations to show that the glass was not of sufficient strength to answer these purposes, or that it was unsuited by any defect for the purposes for which it was intended, and alleges no facts as to any custom or usage on the part of the public or of those desiring passage upon street-cars to request admission by tapping the glass, as the plaintiff did in this case. Nor is it otherwise shown that the defendant should have anticipated that any person would tap the glass in the manner stated, so as to raise a duty to provide a glass of sufficient strength for such use.

"Where an instrumentality is being put to a purpose or use not intended, the owner or person in control thereof is not liable for injuries occasioned thereby, unless he had actual knowledge that it was defective and unsuited for that purpose, and also knew or should have anticipated that it would be diverted to the foreign use." *Culbreath* v. *Kutz Co.*, 37 *Ga. App.* 425 (140 S. E. 419); *McClain* v. *Seaboard Air-Line Ry. Co.*, 34 *Ga. App.* 86 (4) (129 S. E. 876); *Fisher* v. *Georgia Northern Ry. Co.*, 35 *Ga. App.* 733, 736 (134 S. E. 827); *Williams* v. *Alabama Southern R. Co.*, 15 *Ga. App.* 652 (84 S. E. 149); *Babcock Lumber Co.* v. *Johnson*, 120 *Ga.* 1030 (7) (48 S. E. 438); *Norris* v. *American Ry. Express Co.*, 156 *Ga.* 150 (118 S. E. 686).

The petition fails to show any negligence on the part of the defendant, and was properly dismissed. See further, *Hardwick* v. *Georgia R. Co.*, 85 *Ga.* 507 (11 S. E. 832); Chesapeake & Ohio Ry. Co. *v.* Hibbs, 142 Va. 96 (128 S. E. 538, 41 A. L. R. 1083); Crabtree *v.* St. Louis &c. R. Co., 218 Mo. App. 306 (273 S. W. 1104); Smith *v.* Bradley, 206 Ala. 128 (89 So. 273).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*