ATLANTIC COAST LINE RAILROAD COMPANY, Appellant,

v.

June F. DARDEN, Appellee.

No. 15002.

United States Court of Appeals, Fifth Circuit.

Oct. 29, 1954.

Larry E. Pedrick, Waycross, Ga., Charles Cook Howell, Vice President & General Counsel, Atlantic Coast Line R. Co., Wilmington, N. Car., E. Kontz Bennett, Waycross, Ga., Bennett, Pedrick & Bennett, Waycross, Ga., of counsel, for appellant.

S. F. Memory, Jr., J. Mack Barnes, J. D. Blalock, Waycross, Ga., Memory, Barnes & Memory, Waycross, Ga., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

HUTCHESON, Chief Judge.

The suit, brought under the Federal Employers' Liability Act,[1] was for damages resulting from an injury to plaintiff's eye. Alleging that the injury occurred while plaintiff was performing his duties as an employee of defendant and was engaged in burring draft keys with a hot chisel and that defendant's officers, agents, and servants performed the operation in which they were engaged in a careless, reckless, and negligent manner, plaintiff in precise detail set out the grounds [2] of negligence on which he relied.

Defendant, in its answer, denied the allegations of negligence and alleged that plaintiff's injury was due to his own negligence, and further that his negligence contributed to the injury.

---

1. Chapt. 2, Title 45, § 51 et seq., U.S.C.A.

2. In substance these were:

(1) Failure to furnish plaintiff with goggles contrary to the custom and rule of defendant company.

(2) The dies on the forging machine used for making draft keys were defective to the extent that same left burs on the draft keys.

(3) Failure to repair the dies used for making draft keys.

(4) The burring machine was defective to the extent that it failed to remove burs from the draft keys.

(5) The hot chisel furnished plaintiff was defective.

(6) Failure to use reasonable care to furnish plaintiff a reasonably safe place to work.

(7) Failure to furnish plaintiff with reasonably safe appliances.

(8) Failure to furnish reasonably safe appliances and tools for making draft keys.

(9) Negligence of helper in striking chisel an unreasonably hard blow.

Upon the issues thus joined, the cause was tried to a jury, and this appeal is from the judgment for plaintiff entered on the verdict in his favor.

Here appellant, conceding that, though the testimony made a close case which might have gone either way and that the evidence certainly would have authorized a verdict for the defendant, makes no claim that the verdict is without support in the evidence. Its reliance for reversal is on two specifications of error having to do solely with errors in connection with the charge. One of these complains of the failure to instruct the jury as requested by defendant: the other of an instruction given the jury over defendant's objection.

■ Appellant's first specification of error, based upon the fact that the burring machine was not being used at the time of the injury, is that the court erred in denying defendant's motion to direct the jury not to consider the allegation of negligence "that the burring machine was defective to the extent that it failed to remove burs from the draft keys".[3]

In support of this ground of error, appellant points out that the evidence discloses that the burring machine was not being used at the time of, or in connection with, the injury, and it insists, therefore, that the alleged defect in it could not, in a legal sense, have had any causal relation to, or in any manner been the proximate cause of, plaintiff's injury.

This, as appellant points out in its brief, is both because, since the machine was not used, its defective condition could not possibly have constituted the proximate cause of the injury and because the testimony also showed that if the burring machine had been used the plaintiff would not have participated in the operation which would have been performed by the two helpers.

Appellee seems to feel that these very facts, put forward by appellant as conclusively showing that defects in the burring machine could not have been the proximate cause of the injury and the court should therefore have instructed this issue out of the case, give full support to the action complained of.

We do not think so. We think it clear that, in the legal sense of causation, the fact that because the burring machine was defective it was not used no more made its defective condition the proximate cause of the injury than did the fact that the keys got burs on them while they were being cast made the presence of these burs the proximate cause of it.[4]

■ This in substance is appellant's second specification of error:[5] after

3. This is the relevance and application of this specification:

As shown above, the complaint set out several specific grounds of negligence. One of these was that the burring machine was defective to the extent that it failed to remove burs from the draft key. A draft key is an iron bar with a head fashioned at one end and is used in coupling devices of flat cars. In making draft keys the iron bar is heated in a hot furnace to a high temperature. Then the heated end is placed in a machine containing dies where the head is properly shaped. In shaping this head certain small pieces of waste material will form on the head and it is necessary and advisable to remove these burs so that the head will be comparatively smooth. In general two methods are employed in doing this. One is to use a burring machine and this method admittedly was not used in this case. The other, which was employed in this case, is to place the heated end held in a pair of tongs on a steel table and then have one worker use a chisel on the bur and another worker strike the chisel with a hammer. In this case the plaintiff was handling the chisel and one Parrish was striking it. In the course of this operation, a blow of the hammer on the chisel caused a piece of hot metal to fly up and strike plaintiff in the eye. Plaintiff was not wearing goggles.

4. Fisher v. Georgia Northern Ry. Co., 35 Ga.App. 733, 134 S.E. 827; Reynolds v. Atlantic C. L. R. Co., 5 Cir., 196 F.2d 643; Brady v. Southern R. Co., 320 U. S. 476, 64 S.Ct. 232, 88 L.Ed. 239.

5. Appellant thus states this specification: "Because the trial judge after charging the jury as follows: 'I charge you that the burden rests upon the plaintiff to show, by a preponderance of the evi-

plaintiff had obtained from the judge an instruction that "the burden rests upon the plaintiff to show by a preponderance of the evidence that his injury, if any, was proximately caused in whole or in part by the specific acts of negligence alleged in his suit and he cannot recover for any other", the defendant procured a qualifying charge. This was that, under rule 15, Fed.Rules Civ.Proc. 28 U.S. C.A., "when an issue not raised by the pleading is tried by express or implied consent, it shall be treated in all respects as if it had been raised in the pleading," and, without the additional grounds of negligence, if any, which were raised by the evidence being pointed out by the judge, the jury could search through the record and determine for themselves what they were and then base their verdict on this determination.

In support of this specification, appellant, citing the cases holding that where the declaration alleges specific acts of negligence, the court must charge on the specific acts and confine the issues to them,[6] insists that while Rule 15(b) does make provision for enlarging the issues when an issue not raised by the pleadings is tried by express or implied consent, this does not mean that the jury may be left, as they were, without direction or control to determine for themselves whether and what issues were so presented. With confidence it urges upon us that in such a situation the pleadings should be amended, as was pointed out in *Mondshine v. Short*, 5 Cir., 196 F.2d 606–608 or the district judge, by an appropriate instruction, should frame the issue or issues for the jury.

We find ourselves in agreement with appellant's view thus expressed and with its view that the instruction complained of was erroneous.

Appellees, recognizing the seriousness of the second specification of error, seek to avoid its harmful effect by the claim: that this objection to the charge was not made by defendant; that the objection on the contrary was the broad one that the issues could not be enlarged by the evidence alone; and that this objection is not tenable because it is in the face of the express provisions of the rule.

We do not think this will do. While the objection could have been more artfully made, we think that, for the purpose of the objection, what appellant now complains of was made sufficiently clear in the colloquy between the court and defendant's counsel.[7]

---

dence, that his injury, if any, was proximately caused in whole or in part by the specific acts of negligence alleged in his suit, he cannot recover for any other', subsequently called the jury back and modified said instructions by charging them as follows:

" 'I charged you, and I now charge you, that the burden rests upon the plaintiff to show by a preponderance of the evidence that his injury, if any, was proximately caused in whole or in part by the specific acts of negligence alleged in his suit, and he cannot recover for any other.'

" 'Under the Rules as amended, under Rule 15, it says: when an issue not raised by the pleadings is tried by express or implied consent of the parties, it shall be treated in all respects as if it had been raised in the pleadings. In other words, gentlemen, if some act of negligence was proven by the plaintiff, which was not stated in the plaintiff's petition, and was not objected to by the defendant in the trial of the case, that could be considered along with all the other acts of negligence in the case.' "

**6.** Grand-Morgan Theatre Co. v. Kearney, 8 Cir., 40 F.2d 235; Smith v. Welch, 10 Cir., 189 F.2d 832; Sinclair Refining Co. v. Stevens, 8 Cir., 123 F.2d 186; Old Dominion Stages v. Connor, 67 App.D.C. 158, 90 F.2d 403; Zumwalt v. Gardner, 8 Cir., 160 F.2d 298.

**7.** Mr. Pedrick:
"I except to your charge that if the evidence of the plaintiff showed some other ground of negligence that is not specified in the petition and that no objections by the defendant were made that they could consider that ground of negligence."
The Court:
"In other words, if they believe it was true."
Mr. Pedrick:
"My exception, if your Honor pleases, goes to the instructions that the jury could consider some other negligence

In agreement, therefore, as we are, with the contention of appellant that there was error (1) in submitting an issue not supported by the evidence, and (2) in instructing the jury without guide or compass that it could consider issues not made by the pleadings if they found them raised in the evidence, and thus permitting the jury not only to determine but to define the issues, we are of the clear opinion that the judgment should be reversed and the cause remanded for further and not inconsistent proceedings.

proven in the case by the plaintiff that is not alleged in the plaintiff's petition."
The Court:
"Well, I intended to say that because that is Rule 15."
Mr. Pedrick:

*"Well, that is what I am excepting to. That would mean that the jury could find any theory of negligence that they thought was proven and not alleged in the petition, and it modifies our Request No. 2."*
(Emphasis supplied.)